[Crim. No. 147. Fourth Appellate District.—September 17, 1932.]

THE PEOPLE, Respondent, v. PETER BICKNER, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—By an amended information filed by the district attorney of Tulare County the defendant was accused of the crime of petty theft, and with having suffered two prior convictions of felonies. He pleaded not guilty to the charge of petty theft, and guilty to one prior conviction, but apparently not guilty to the second. It was stipulated that the second prior conviction should not be considered during the trial. The appellant was found guilty as charged and has appealed from the judgment pronounced upon him and from the order denying his motion for a new trial.

The appellant urges as grounds for a reversal of the judgment that the evidence does not support the verdict and judgment; that the trial court erred in its instructions to. the jury; that it erred in ruling on objections to questions propounded to witnesses by counsel, and that it erred in denying appellant's motion for arrest of judgment.

It appears from the record that appellant was a guest at the home of J. E. Smith, the complaining witness, in Visalia on April 23 and 24, 1932; that Smith was the owner of a twelve-gauge Winchester repeating shotgun

which was in his home during the time of appellant's visit, and was missed by Smith about three days after appellant returned to his home in the city of Fresno. The shotgun was found in a pawnshop in the city of Fresno. Appellant was identified as the person who pawned the shotgun. He signed, "John Smith, 204 Fresno St.," to a bill of sale of the shotgun. A handwriting expert testified that the words, "John Smith, 204 Fresno St.," were in the handwriting of appellant. Another witness testified that appellant came to the closet where the gun was kept in the Smith home just prior to his leaving. Under the authority of *People* v. *Luchetti*, 119 Cal. 501 [51 Pac. 707], evidence of this character has been held amply sufficient to sustain the verdict and judgment.

We have carefully reviewed the instructions given by the trial court. They are fair, full and complete and we find no error in them.

The rulings of the trial court upon objections made to questions asked witnesses by counsel, of which appellant complains, were proper and need not be considered at length here.

We cannot determine the grounds of appellant's contention that the trial court erred in denying his motion for arrest of judgment. He fails to set forth any such grounds or supporting argument in his brief, merely incorporating a quotation from the case of *In re Rosencrantz*, 211 Cal. 749 [297 Pac. 15]. An examination of the record discloses that the only reference to this motion is contained in the clerk's transcript as follows:

"Counsel for defendant moved the court for an order for arrest of judgment in said cause, and said motion was by the court denied."

It is self-evident from this record no error is made to appear from the denial of the motion. We cannot presume error in order to reverse a judgment of the trial court.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 28, 1932.