[No. 10,360.]

## THE PEOPLE *v.* CHARLES W. AUBREY.

MISDEMEANOR—APPEAL WILL NOT LIE.—In a criminal case, an appeal to the Supreme Court will not lie, unless the offense of which the defendant was convicted amounts to a felony.

ASSAULT WITH A DEADLY WEAPON.—Under sec. 17 of the Penal Code, where the defendant was indicted for an assault with a deadly weapon, with the intent to commit murder, and was convicted of an assault with a deadly weapon, and was thereupon sentenced to imprisonment in the county jail, the offense of which he was convicted was only a misdemeanor, and no appeal lies.

APPEAL from the County Court of Placer County.

Defendant appealed. The facts are stated in the opinion.

*B. F. Myers*, for Appellant.

*Attorney-General Hamilton*, for Respondent, moved to dismiss the appeal, on the ground that this Court had no jurisdiction of the cause.

By the Court, CROCKETT, J.:

The defendant was indicted for an assault with a deadly weapon, with the intent to commit murder, and was convicted of an assault with a deadly weapon, and was thereupon sentenced to be confined in the County Jail for one year. From this judgment the defendant appeals, and the Attorney-General moves to dismiss the appeal, on the ground that from such a judgment there is no appeal.

An appeal will not lie to this Court in a criminal cause, except in cases amounting to felony; and sec. 245 of the Penal Code, as amended in 1874, provides that the punishment for an assault with a deadly weapon shall be "by imprisonment in the State Prison or in a county jail not exceeding two years, or by fine not exceeding five thousand dollars, or by both." Sec. 17 of the same Code provides that "a felony is a crime which is punishable with death or by imprisonment in the State Prison. Every other crime is a misdemeanor; or, when a crime punishable by imprisonment in the State Prison is also punishable by fine or imprisonment in a county jail, in the discretion of the Court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the State Prison." (Amendment of 1874.)

The offense of which the defendant was convicted was, therefore, only a misdemeanor, and no appeal lies from the judgment.

Appeal dismissed.

Mr. Justice McKINSTRY expressed no opinion.