[Crim. No. 3414. In Bank.—March 17, 1931.]

In the Matter of EVELYN ROSENCRANTZ, on Habeas Corpus.

Thos. T. Califro for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, J.—This is a petition for a writ of *habeas corpus.*

Petitioner was tried in the Superior Court of Alameda County and convicted of a violation of section 476a of the Penal Code. The information filed against her also charged the prior conviction of three separate felonies. Petitioner admitted the second and third, but denied the alleged first prior conviction. A finding against her was made on this issue, and she was thereupon sentenced to life imprisonment without eligibility for parole, under the provisions of section 644 of the Penal Code.

Petitioner has heretofore made application for writs of *habeas corpus* to this court, as well as to the Superior Court of Marin County and to the District Court of Appeal, First Appellate District, all of which applications were denied. It is urged, however, that the grounds for the present petition are raised here for the first time, and accordingly we have examined them with great care.

The contention is made that section 476a of the Penal Code is unconstitutional in that by reason of the discretion which it gives to the trial judge to sentence the convicted offender either to the state prison or the county jail, it is discriminatory in operation, and constitutes a denial

of equal protection of the laws. The legislative practice of vesting in trial courts or juries discretion in fixing punishments, within certain limits, is quite general, and not new. Since every person charged with the offense has the same chance for leniency as well as the same possibility of receiving the maximum sentence, there is nothing discriminatory in the statute.

The main point urged in the petition is that the judgment and commitment under section 644 of the Penal Code was improper because, it is contended, petitioner had not previously been convicted of *three prior felonies*. It is asserted that the alleged first conviction never occurred. The record shows that she was charged on January 12, 1920, in the county of San Diego, with violation of the same statute as in her later convictions. She pleaded guilty and was granted probation for a period of two years. No judgment of conviction was pronounced by the court. The question is whether this constitutes the *conviction* of a *felony* within the meaning of Penal Code, section 644.

It is established in this state, both by statute and judicial decision, that whether a crime is a misdemeanor or a felony is to be determined by the punishment; and where a crime is punishable either by incarceration in the state prison or the county jail, the sentence actually given determines the nature of the offense. (Cal. Pen. Code, sec. 17; *People* v. *Bigelow,* 94 Cal. App. 28 [270 Pac. 460].) Hence if petitioner had been sentenced to the state prison, she would have been convicted of a felony; and had she been sentenced to the county jail, she would have been convicted of a misdemeanor. However, she was not sentenced at all, nor was any judgment of conviction pronounced; and this appears to us to be decisive of the problem. There being no conviction, there is nothing to bring this first case within the provisions of section 644.

It therefore appears that petitioner should not have been sentenced to life imprisonment without possibility of parole; nor does her case come within the language of section 644 providing for life imprisonment with eligibility for parole after two prior convictions for certain enumerated felonies. Issuing checks with intent to defraud is not one of these specified felonies. The applicable section is obviously Penal Code, section 667, subdivision 1, which provides: ''If the offense of which such person is subse-

quently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison for the maximum period for which he might have been sentenced, if such offense had been his first offense." Under this section, petitioner is punishable by imprisonment in the state prison for the maximum period provided for a violation of Penal Code, section 476a, which is fourteen years.

The judgment committing petitioner to incarceration in the state prison for life without eligibility for parole was therefore improper; but inasmuch as petitioner should have been sentenced to the state prison anyway, there is at the present time no ground upon which she may be discharged from custody. We gave consideration to this precise question in a prior application of petitioner (*In re Rosencrantz*, 205 Cal. 534 [271 Pac. 902, 905]), and we there said, quoting from *In re Morck*, 180 Cal. 384 [181 Pac. 657], "It is the established practice of the Supreme Court not to consider any question of excess of sentence until the expiration of the time for which the prisoner may be lawfully confined. It is clear, therefore, that a writ should not be granted at this time".

It follows that the writ must be discharged, and it is so ordered.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.