[Crim. No. 2576. Second Appellate District, Division Two.—July 18, 1934.]

In the Matter of the Application of LUTHER GLANCY for a Writ of Habeas Corpus.

Alexander L. Oster for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

STEPHENS, P. J.— ■ Luther Glancy was convicted in a justice's court of disturbing the peace and sentenced to the county jail for six months. While confined therein, and before the expiration of ninety days, the maximum legal imprisonment for such offense, he petitions, through his attorney, in *habeas corpus* to be released on the ground that the judgment is void. But the judgment is not void and *habeas corpus* will not assist him until the legal time has been served. (*In re Morck*, 180 Cal. 384 [181 Pac. 657]; *In re Rosencrantz*, 205 Cal. 534 [271 Pac. 902], and Id., 211 Cal. 749 [297 Pac. 15].) Counsel for petitioner argues that the cited cases arose from judgments under the indeterminate sentence law. He also argues that no intendments arise from judgments of justice courts. We think these points make no difference in the problem.

■ The written direction of the justice to the sheriff states that Glancy is to be confined in the county jail until the fine named in the judgment is paid. Since no fine is mentioned in the judgment, this may be regarded as a nullity.

Writ discharged and the prisoner remanded.

Craig, J., and Desmond, J., concurred.