[Crim. No. 6488. In Bank. Dec. 31, 1959.]

THE PEOPLE, Respondent, v. RICHARD BANKS, Appellant.

Edgar G. Langford and J. Perry Langford for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

SCHAUER, J.—Defendant appeals from an order (entered September 29, 1958) denying his motion to set aside a judgment of conviction (pronounced September 3, 1958) of "Possession of a Firearm Capable of Being Concealed Upon the Person by One Previously Convicted of a Felony, in violation of Section 12021, Penal Code," and to withdraw his plea of guilty. Defendant's motion was upon the ground that he is not one previously convicted of felony within the meaning of section 12021 and that he pleaded guilty to the charge of violating that section "solely by reason of a mistake of fact and law." His prior conviction was in the following circumstances: Upon his plea of guilty (entered May 18, 1953) to a charge of violation of section 503 (now 10851) of the Vehicle Code, an offense punishable either as a felony or as a misdemeanor, imposition of sentence was suspended. Defendant completed his term of probation without violation. Although under the circumstances he apparently was entitled to have the prior charge dismissed on application (Pen. Code, § 1203.4; *Stephens* v. *Toomey* (1959), 51 Cal.2d 864, 871 [14] [338 P.2d 182]), he did not do so.

The People urge that the appeal should be dismissed because in the circumstances a motion to set aside the judgment assertedly does not lie and therefore the order denying the motion is not appealable. They also dispute the merits of defendant's contention that he is not one previously convicted of felony within the meaning of section 12021.

We have concluded that we can and should consider the merits of the appeal, but that because defendant has neither been sentenced as a misdemeanant under the former section 503 charge nor gone through the procedure under the probation law by which (presumably) he was entitled to obtain dismissal of such prior charge, his status was that of one

convicted of felony within the meaning of section 12021[1] of the Penal Code at the time of his alleged "Possession of a Firearm Capable of Being Concealed Upon the Person," and that the order appealed from should be affirmed.

Defendant was charged with violation of section 12021 by a complaint filed in the municipal court. It alleges that on or about May 29, 1958, defendant possessed a described revolver and that he had been previously convicted in Alameda County of "the crime of Unlawful Taking and Driving of a Vehicle (VC 503), a felony; *that the judgment upon said conviction was pronounced* . . . on the 18th day of May 1953, that said judgment has never since been reversed, annulled, or set aside." (Italics added.)

In the present action, when before the municipal court (San Diego), defendant entered a plea of guilty and admitted the alleged prior conviction. The municipal court certified defendant to the superior court, where proceedings were had in accordance with section 859a of the Penal Code.[2] Defendant reiterated his plea of guilty, again admitted the alleged prior conviction, and applied for probation. On September 3, 1958, the superior court denied probation and sentenced defendant to state prison. Throughout the foregoing described proceedings defendant was represented by counsel (not his present attorneys). The judgment became final without appeal.

On September 25, 1958, defendant, represented by his present counsel, filed notice of motion for an order setting aside the judgment and permitting defendant to withdraw his plea of guilty. At the hearing on the motion defendant for the first time presented his contention that he was not one "who has been convicted of a felony" within the meaning of section

[1]Section 12021 provides in material part that "Any person . . . who has been convicted of a felony under the laws . . . of the State of California, . . . who . . . has in his possession . . . any . . . revolver . . . capable of being concealed upon the person is guilty of a public offense . . ."

[2]Section 859a provides in material part that "If the public offense charged is a felony not punishable with death, . . . while the charge remains pending before the magistrate and when his counsel is present, the defendant may, with the consent of the magistrate and the district attorney . . ., plead guilty . . .; and upon such plea of guilty, the magistrate shall . . . certify the case . . . to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court. The foregoing provisions of this section shall not be construed to authorize the receiving of a plea of guilty from any defendant not represented by counsel."

12021 of the Penal Code, and the facts upon which that contention is based.

Those facts, as found by the superior court, are that on May 18, 1953, the Alameda County Superior Court, upon defendant's plea of guilty to the charge of violation of section 503 (now 10851) of the Vehicle Code,[3] "granted Defendant three years' probation with 12 months' incarceration in county jail as a condition thereof; that said probation period expired without revocation; and that sentence to prison was not pronounced against Defendant at any time in said proceedings and that no proceedings under Section 1203.4 Penal Code[4] were had therein." The court concluded that in the foregoing circumstances defendant had been—and remained—convicted of the felony of violating section 503 (now 10851) of the Vehicle Code.

It is to be observed that the allegation of the complaint "that the [Alameda] judgment upon said conviction [of felony] was pronounced . . ." is not true. No judgment in that case has ever been pronounced. After the plea of guilty an order granting probation was entered and there the case rests. It is on this state of the record that we must determine the issues before us.

*Availability of Remedy of Motion to Vacate Judgment and Appeal from Order Denying the Motion.* The People urge that

---

[3]Former section 503 (now 10851 [Stats. 1959, ch. 3]) of the Vehicle Code at the times here involved provided in pertinent part that a person who takes a vehicle not his own, without consent of the owner and with intent to deprive the owner of title or possession temporarily or permanently "is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not more than one year or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment."

[4]Section 1203.4 (as amended Stats. 1951, ch. 183) provides that "Every defendant who has fulfilled the conditions of his probation for the entire period thereof . . . shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

the appeal should be dismissed for the following reasons: "Ordinarily no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment. . . . The considerations are the same whether the matters sought to be presented by motion to vacate actually were presented to the trial court prior to judgment of conviction, or whether such matters should have been but were not so presented." (*People* v. *Thomas* (1959), 52 Cal.2d 521, 527-528 [1] [342 P.2d 889].)

Except where the asserted defect is jurisdictional or constitutional (see *People* v. *Thomas, supra,* pp. 528-529 [3, 4] of 52 Cal.2d), a situation not presented here, the limited purpose of the nonstatutory motion to vacate a judgment of conviction, or the California version of the writ of error *coram nobis,* is "to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court." (*People* v. *Adamson* (1949), 34 Cal.2d 320, 326 [1] [210 P.2d 13].) The remedy does not lie to enable the court to correct errors of law. (*People* v. *Tuthill* (1948), 32 Cal.2d 819, 822 [3] [198 P.2d 505].)

It has often been held that the motion or writ is not available where a defendant voluntarily and with knowledge of the facts pleaded guilty or admitted alleged prior convictions because of ignorance or mistake as to the legal effect of those facts. (*People* v. *Lumbley* (1937), 8 Cal.2d 752, 758-760 [2, 3] [68 P.2d 354]; *People* v. *Herod* (1952), 112 Cal.App.2d 764, 766 [4] [247 P.2d 127]; *People* v. *Ingles* (1950), 97 Cal. App.2d 867, 874 [2] [218 P.2d 987]; *People* v. *Harincar* (1942), 49 Cal.App.2d 594, 596 [2] [121 P.2d 751]; *People* v. *McVicker* (1940), 37 Cal.App.2d 470, 474 [99 P.2d 1110]; *People* v. *Kretchmar* (1937), 23 Cal.App.2d 19, 21 [3] [72 P.2d 243]; *People* v. *Moore* (1935), 9 Cal.App.2d 251, 255 [4] [49 P.2d 615].) Furthermore, it has been held, "appellant's contention that his plea of guilty should be set aside on the basis of mistake, ignorance, [and] inadvertence . . . is unavailing because the record discloses that he was represented by counsel at all stages of the proceedings." (*People* v. *Lempia* (1956), 144 Cal.App.2d 393, 396 [4] [301 P.2d 40].)

In the cases cited in the preceding paragraph, if the defendant because of his or his counsel's mistake of law

pleaded guilty or admitted a charged prior conviction without presenting the facts to the trial court, the situation comes within the rule stated in the Adamson case, *supra,* p. 326 [1] of 34 Cal.2d, i.e., the remedy is not available because it was through defendant's "negligence or fault" that the facts were not known to the court; if the facts were known to the court yet it accepted defendant's plea or admission, the situation comes within the rule stated in the Tuthill case, *supra,* page 822 [3] of 32 Cal.2d, i.e., the remedy is not available because it is sought to enable the court to correct a mistake of law.

When the trial court in the present case (San Diego County) accepted defendant's admission that he had been convicted of a felony and his plea of guilty to the charge of a crime which has such prior conviction as an essential concurring element, the court did not know the facts as to defendant's Alameda County plea and probation. Defendant and his then counsel, however, knew or were chargeable with having known those facts, and the failure to present the contention that defendant had not been convicted of a felony and the facts upon which such contention is based was due to defendant's "negligence or fault."

Although defendant could and should have presented such facts and contention to the trial court before judgment, we are disposed to consider the merits of his position, because that position is based upon, among other things, a view of the pertinent probation statute (Pen. Code, § 1203.4, *supra,* footnote 4) which might appear not unreasonable to many persons, whether or not they were trained in the law; the precise point here presented has not been decided by a reported California opinion but counsel for each party has cited relevant cases, some of them conflicting in their approaches, which tend to support his position; and the matter is important not only to this defendant but also to many persons, now completely rehabilitated, who have successfully completed terms of probation after the withholding of imposition of sentence.[5] Many of those persons, it appears from data

---

[5]In this connection we note that the trial court at the hearing of the motion took a view of the procedural problem similar to that which we take. It went directly to the merits of the matter rather than denying the motion on the ground that the remedy was not available. It carefully stated its position as to the effect of the probation order within the meaning of section 12021, a new and uncertain question, then ordered defendant released on bail "until you [defendant's counsel] take it up" on appeal because "I wouldn't intentionally send a man to prison if I

quoted to us, may have neglected to secure the reestablishment of their status as persons not convicted of a felony, to the extent provided for by Penal Code, section 1203.4. The failure to have taken such action could have a serious effect on the life of the probationer. This would appear to be particularly true in a case where, as here, completion of the probation procedures presumably could have included entry of a misdemeanor judgment preceding dismissal of the charge. Our consideration of the merits of the appeal in this case, however, is not to be considered general authority for the availability of a motion to vacate a judgment, and an appeal from an ensuing order which denies the motion, as means of presenting matters which should have been presented to the trial court before judgment. (See *People* v. *Thomas* (1959), *supra,* 52 Cal.2d 521, 529-530 [5].)

*Classification of a Crime which is Punishable either as a Felony or as a Misdemeanor.* The classification of an offense punishable in the trial court's discretion either as a felony or as a misdemeanor (as in violation of Veh. Code, § 10851 [formerly 503], *supra,* footnote 3) is dealt with by section 17

didn't think he belonged there. . . . You have created some doubt in my mind as to the legality and let's get this thing settled.''

We recognize, of course, that this court cannot entertain an appeal unless the right of appeal exists (*Schlyen* v. *Schlyen* (1954), 43 Cal.2d 361, 367 [2] [273 P.2d 897]) and that the right to appeal ''must be found either in the state's constitution or statutes.'' (*In re Sutter-Butte By-Pass Assessment* (1923), 190 Cal. 532, 536 [2] [213 P. 974].) The statute which makes the present order appealable is section 1237 of the Penal Code (subd. 3) which provides for an appeal by defendant ''From any order made after judgment, affecting the substantial rights of the party.'' Where, as here, defendant seeks to appeal from an order denying a nonstatutory motion to vacate a judgment of conviction, the appellate court in each case must decide whether the order is appealable as one which affects defendant's ''substantial rights,'' and the appellate decisions have held that in some very limited situations an appeal from such an order will lie even though the matter could have been presented by appeal from the judgment. (See *People* v. *Thomas* (1959), *supra,* 52 Cal.2d 521, 527-530 [1-5]; *People* v. *Howerton* (1953), 40 Cal.2d 217, 220 [7] [253 P.2d 8].) Since the original qualification refusing to allow an appeal which is literally permitted by subdivision 3 of section 1237, and the exceptions to that qualification, are creatures of the courts and not of the statute, it is proper for this court to entertain a particular appeal in a case such as this even though it decides that the order from which the appeal is noticed falls within the class of orders which by court-made rule are normally not appealable.

In a case such as the one before us, in determining whether we should decide the merits and affirm (or reverse) rather than dismiss, we may take into consideration reasons similar to the following which have been invoked to support use of an extraordinary writ by an appellate court to decide the merits of the particular question before the court without establishing a general precedent for the propriety of issuance of the writ:

That at the time the petitioner applied for the writ, there was uncer-

of the Penal Code.[6] ■ The People point out that the following rule is generally recognized as the proper interpretation of section 17 as applied to a crime which is punishable either as felony or as misdemeanor: "the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judg-

---

tainty whether the questioned superior court order was appealable. (*In re Osslo* (1958), 51 Cal.2d 371, 376-377 [2] [334 P.2d 1]; *In re Bine* (1947), 47 Cal.2d 814, 817 [6] [306 P.2d 445]; *Robinson* v. *Superior Court* (1950), 35 Cal.2d 379, 383 [3] [218 P.2d 10]; *Phelan* v. *Superior Court* (1950), 35 Cal.2d 363, 371 [9] [217 P.2d 951].) The situation is similar to that in *People* v. *Thomas* (1959), *supra*, 52 Cal.2d 521, 529-530 [5], where the "appeal" on its merits raised a serious question whether the trial court had jurisdiction to make the order from which appeal was noticed; the appealability of such order depended upon whether the claimed defect was jurisdictional; this court decided the jurisdictional question against appellant but determined that in the circumstances it was appropriate to affirm the order rather than to dismiss the appeal.

That an alternative writ or, in habeas corpus cases, an order to show cause has issued and the merits have been argued to the appellate court. (*In re Osslo* (1958), *supra*, pp. 376-377 [2] of 51 Cal.2d; *People* v. *Superior Court* (1937), 10 Cal.2d 288, 291 [73 P.2d 1221]; see *Jensen* v. *McCullough* (1928), 94 Cal.App. 382, 392 [14] [271 P. 568].) Similar factors as to saving the time, expense, and effort which have been invested by the parties and the courts may be involved where, as here, this court has granted a hearing after decision of a district court of appeal (reported in 338 P.2d 214) which passed upon the merits of the appeal but not upon the question of appealability.

That the merits of the case present a question as to the constitutionality or interpretation of a statute which is of concern to a number of persons other than the petitioner, particularly where an authoritative decision is necessary to resolve or prevent conflict in the decisions of the courts below. (See *Gorbacheff* v. *Justice's Court* (1947), 31 Cal.2d 178, 180-181 [1] [187 P.2d 407]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946), 28 Cal.2d 481, 483-484 [1] [171 P.2d 21, 166 A.L.R. 701]; *Rescue Army* v. *Municipal Court* (1946), 28 Cal.2d 460, 466-467, [9, 10] [171 P.2d 8]; *State Board of Equalization* v. *Superior Court* (1935), 5 Cal.App.2d 374, 378 [5, 6] [42 P.2d 1076].) Here, no reported case has decided the merits of the precise question raised by appellant but, as the trial court pointed out, the opinions in cases which concern closely related matters can be variously applied to the situation here to produce the conflicting results.

[6]Section 17 as it now reads (Stats. 1959, ch. 532) provides in pertinent part that "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." (These have been the pertinent provisions of section 17 since the Code Amendments of 1873-1874, p. 455. Provisions as to commitment to the Youth Authority either as added by Stats. 1947, p. 1960, or as they currently read, Stats. 1959, ch. 532, do not presently concern us.)

ment not to have a retroactive effect . . .'' (*Doble* v. *Superior Court* (1925), 197 Cal. 556, 576-577 [7] [241 P. 852].) This view has been applied to classify a crime for various purposes noted in the margin.[7] The importance to a defendant who is

[7]The offense remains a felony for the purpose of the statute of limitations. (*Doble* v. *Superior Court, supra*; *People* v. *Mitchell* (1930), 109 Cal.App. 116, 117-119 [1] [292 P. 692].)

A witness cannot be impeached as one convicted of felony where he has been sentenced to jail for an alternatively punishable offense. (*People* v. *Hamilton* (1948), 33 Cal.2d 45, 50 [1, 2] [198 P.2d 873].) But for the purpose of impeaching defendant-witness, previously convicted of second degree burglary, an alternatively punishable offense, ''his commitment to the Preston School of Industry—unlike a county jail sentence, the alternative penal term prescribed by statute—was not 'a judgment imposing a punishment other than imprisonment in the state prison,' so that under authority of section 17 of the Penal Code it should thereafter be deemed a mere misdemeanor. . . . [D]efendant was subjected to regular criminal prosecution upon the felony charge and the degree of his crime was determined under the general law; . . . thereafter the superior court suspended the pronouncement of judgment of sentence, defendant then being nineteen years of age, and ordered his commitment to the Preston School of Industry 'to reform and retrieve him' to society as 'an upright and useful citizen.' '' (*People* v. *Williams* (1945), 27 Cal.2d 220, 229 [8b] [163 P.2d 692].)

Where imposition of sentence is suspended the court can set the term of probation at the maximum possible felony term, and it can subsequently revoke probation and pronounce a misdemeanor sentence after expiration of the maximum misdemeanor term. (*People* v. *Lippner* (1933), 219 Cal. 395, 403 [5] [26 P.2d 457].)

In a homicide prosecution, evidence that the killing was in the perpetration of an alternatively punishable offense supports a determination that the homicide was second degree murder in the perpetration of a felony. (*People* v. *Doyle* (1958), 162 Cal.App.2d 158, 161 [3] [328 P.2d 7].)

One who aids a person who has committed an alternatively punishable offense to avoid arrest is an accessory after the fact to felony. (*People* v. *McLaughlin* (1952), 111 Cal.App.2d 781, 792 [12, 13] [245 P.2d 1076].)

An officer without warrant can arrest upon ''reasonable cause'' and search a person whom he believes to have committed an alternatively punishable offense outside the officer's presence. (*People* v. *Graff* (1956), 144 Cal.App.2d 199, 206 [4] [300·P.2d 837].)

Formerly, when the California Supreme Court had appellate jurisdiction in felony cases and the then district courts had appellate jurisdiction in misdemeanor cases (Cal. Const., 1849, art. VI, §§ 4, 6), an alternatively punishable offense was deemed a felony prior to pronouncement of judgment for the purpose of appeal (*People* v. *War* (1862), 20 Cal. 117, 120) and a misdemeanor where an appeal was taken from a judgment imposing misdemeanor punishment (*People* v. *Cornell* (1860), 16 Cal. 187, 188). This conclusion was reached under the former Criminal Practice Act (Stats. 1851, p. 212, §§ 4, 5) which made the differentiation between felonies and misdemeanors now found in the first two sentences of section 17 of the Penal Code, *ante*, footnote 6, but which did not state the rule now found in the last sentence there quoted. After such rule was enacted (Code Amendments of 1873-1874, p. 455), *People* v. *Aubrey* (1879), 53 Cal. 427-428, quoting section 17, held that appeal to the Supreme Court did not lie from a judgment imposing a jail sentence.

granted probation (in a case wherein the judgment may fix the offense as either a felony or a misdemeanor) of having a misdemeanor judgment entered either before or at the time of, and as one step in, concluding the proceedings under Penal Code, section 1203.4, becomes clear as the discussion in this case develops.

Section 17, however, does not in itself provide a complete answer to the problem before us. As hereinabove related, the defendant was granted probation. ■■ An integral and important part of the penological plan of California is *the discretionary retention in the trial court of jurisdiction over the defendant and the cause of action against him* in a large area of crimes by virtue of the probation procedures. ■■ It is apparent from mere perusal of the pertinent legislation that a verdict or plea of guilty in a superior court criminal case is not ipso facto a *final* conviction. If judgment is pronounced it may be reversed on appeal and set completely at nought; thereby, if there is not a new trial and a new conviction the defendant will be a person who has not—for any purpose whatsoever—been convicted of a felony. The conviction may also be set at nought, except for expressly defined purposes, when jurisdiction and control over the defendant and the cause of action have been retained in the court under the probation law (with or without pronouncement of sentence) and the probation procedures have been fully executed. If jurisdiction over the subject and res of the action ceases to exist in the court (trial or appellate) the judgment becomes final and the trial procedures have ended. (*People* v. *McAllister* (1940), 15 Cal.2d 519, 526 [2] [102 P.2d 1072]; *People* v. *Thomas* (1959), *supra,* 52 Cal.2d 521, 532 [9].) ■■ Jurisdiction of the court to control the subject and res of the action does not under our system necessarily expire even when a judgment of conviction is affirmed and the remittitur goes down. (*Oster* v. *Municipal Court* (1955), 45 Cal.2d 134, 139-140 [6, 7] [287 P.2d 755]; *Lloyd* v. *Superior Court* (1929), 208 Cal. 622, 626-630 [2] [283 P. 931].) To the contrary, through the power retained in the court by virtue of the probation statutes the court may refrain from committing the defendant to the prison authority. Under those statutes (Pen. Code, §§ 1203-1203.4), as long as the court retains the actual or constructive custody of the defendant in itself it retains jurisdiction over him and the res of the action.

When the verdict or plea of guilty comes in, the trial court, if it chooses to retain jurisdiction under the probation statutes, may either (1) pronounce judgment and suspend its execution; i.e., refrain from issuing a commitment of the defendant to the adult or other prison authority pending administration of the probation plan, or (2) it may suspend (refrain from) the pronouncement of judgment, subject to administration of the probation laws. Of course in the latter case, it does not suspend execution of the judgment and withhold commitment to the adult or other prison authority because without having pronounced judgment it has no power to commit the defendant to the prison authority. Before he can be so committed he must (at least under normal circumstances; *cf*. Pen. Code, § 1203.2a) have been arraigned for judgment and judgment must have been rendered and entered as required by Penal Code, section 1207 (hereinafter quoted). In either procedure (1) or (2) the defendant remains in the actual or constructive custody of the court. He has been arrested and after due procedures an indictment or information has been filed, and after further due process he has been found guilty (whether by plea or on trial is immaterial) of an offense charged (or included in that charged). He is therefore within the jurisdiction of the court. The court—where the case admits of probation—possesses jurisdiction and power to administer the probation law just as it had power to try the case or an appellate court has power to administer the procedures on appeal. And the end provided for through probation procedure is just as much authorized as is any end authorized through appellate procedure. The critical requirement for control over the defendant and the res of the action is that the court shall not have surrendered its jurisdiction in the premises by committing and delivering the defendant to the prison authority.

The powers of the court, over the defendant and the cause, when it retains jurisdiction as provided by Penal Code, sections 1203 through 1203.4, 1207, 1213, and 1215, are well nigh plenary in character: It may administer punishment to such defendant inclusive of every disability which would attach upon his sentence and commitment to prison, save only actual delivery of custody and jurisdiction to the prison authority with ensuing incarceration in the prison; or at the other extreme, it may relieve him of substantially all disabilities and restraints which otherwise would follow from conviction. In the first case, the court pronounces sentence

of imprisonment and suspends its execution by the prison authority; i.e., the court refrains from issuing commitment of the defendant to the prison authority. Upon pronouncement of "sentence of imprisonment in a state prison for any term less than life" (Pen. Code, § 2600) the defendant acquires the legal status of a person who has been both *convicted* of a felony *and sentenced* to such imprisonment. During the maximum period of such term the defendant so sentenced may be retained in the constructive custody of the court or may at any time, in the discretion of the court, be committed to custody of the prison authority. The term of imprisonment in either case is that to which he was sentenced,[8] but by granting probation and withholding commitment the court retains jurisdiction over the defendant and the res to administer the entire matter under the probation procedures. The defendant in such a case is one sentenced to imprisonment and subject to the disabilities of such judgment except that he has not been delivered to the custody of the prison authority and except insofar as he may be further relieved by the terms of the probation order.

 It is, of course, express statutory law that "When judgment upon a conviction is rendered, the clerk, or if there is no clerk, the judge, must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any. A copy of the judgment of conviction shall be filed with the papers in the case." (Pen. Code, § 1207.) Upon entry of such

[8]As indicated in the text, execution of judgment in a criminal case may be stayed by court order either when an appeal is taken or when probation is granted. Stay of execution is discretionary with the court in either event, save that when the death penalty has been imposed a stay automatically follows on appeal. (Of course when probation is granted, that is an act of discretion and stay of execution of any judgment that has been pronounced is an incident of probation; requiring service of some time in a county jail as a *condition of probation* does not constitute *imposition of sentence* to a county jail.) It probably would not be contended that the automatic stay of execution on appeal in a death penalty case should result in continuing in the defendant all or any of his civil rights, yet, logically, that should result if mere stay of execution of an entered judgment precluded its taking effect for any purpose. It has, therefore, been accepted as the logical rule that a defendant in a felony case is deprived of his civil rights when the judgment for a felony is entered, and that those rights remain suspended until and unless the court on appeal reverses the judgment, or under probation procedures (if the court in a proper case has granted probation after entry of judgment) specifically relieves him of the disability. (*Stephens* v. *Toomey* (1959), *supra*, 51 Cal.2d 864, 873 [18, 19].) (We are not here considering the situation of a defendant who is committed to prison and serves a term.)

judgment and withholding of commitment the sentenced defendant is held in the custody, actual or constructive, of the court and is entitled to only such privileges as the court may affirmatively prescribe in its order. ■ Mere stay of execution of an entered judgment manifestly does not entitle the defendant to his freedom or otherwise relieve him of the disabilities resulting from conviction and imposition of judgment of imprisonment in a state prison. ■ So completely are his rights suspended and his status established that, in the event of any violation of the terms of probation, the court at any time during the probationary term may forthwith require his arrest and commit him to the prison authority. (See Pen. Code, §§ 2600, 1213, 1213.5, 1215; see also *id.*, §§ 1203-1203.4.)[9] He is entitled to no hearing at this stage. (*In re Larsen* (1955), 44 Cal.2d 642, 646 [7] [283 P.2d 1043]; *In re Levi* (1952), 39 Cal.2d 41, 44 [1] [244 P.2d 403]; *In re Davis* (1951), 37 Cal.2d 872, 873 [1] [236 P.2d 579].)

■ All that is necessary to give the prison authority the right to his custody is for the court to declare that probation is revoked and to issue its commitment. In other words, at this stage of the proceedings no question remains as to any rights of the defendant. The sole question is within the discretion of the trial court: shall the custody (at least constructive) and jurisdiction over the defendant be retained by the court or transferred to the prison authority? The defendant, in either case, is a person convicted of felony and under sentence of imprisonment in a state prison.

■ By contrast, the defendant whose guilt has been established (by plea, finding or verdict) but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. The probationer in the latter case still retains his ordinary civil rights, unless the court has re-

---

[9]The effects of a stay of execution on appeal in various cases are delineated in Penal Code, sections 1242 to 1245, inclusive. It is noteworthy that (§ 1242) ''An appeal taken by the people in no case stays or affects the *operation* of a judgment in favor of the defendant, until judgment is reversed'' (italics added) but that in the case of appeals by a defendant (other than in death sentence cases) it is only the effect on the *custody* of the defendant, not the operation of the judgment for other purposes, which is stayed. (Pen. Code, §§ 1243-1245.)

stricted them, among them being as a matter of law the right to a hearing and arraignment, with counsel, before judgment in the event that he is charged with a violation of the terms of his probation order. (*In re Levi* (1952), *supra,* 39 Cal.2d 41, 45-46 [5-8].) He does, however, for some specific purposes—for administration of the probation law and other laws expressly made applicable to persons so situated—stand convicted of a felony. For example, under the statute probation may be revoked at any time (Pen. Code, § 1203.3) and the probationer may be arrested without warrant. (Pen. Code, § 1203.2; see also Pen. Code, § 1203.2a.) Such conviction, in itself and without pronouncement of judgment, establishes a status which is attended by certain disabilities. Here, upon his plea of guilty in the Alameda Superior Court, the defendant acquired the status—not then final, and conditionally subject to expungement but nevertheless existing—of a person convicted of a felony. He was a member of that class at the time he was admitted to probation. It is true that the essential attribute of that class was only provisional; it could, in due course, have been changed to that of a misdemeanant by pronouncement of a sentence to the county jail or for a fine. And even the record of misdemeanor conviction could have been changed to not guilty and the accusation dismissed by compliance with section 1203.4. But none of these things was done. However, the question remains: not having violated terms of probation, and sufficient time having elapsed so that he was entitled (so far as the record shows) to have all those things done, did he still occupy that status at the time he pleaded guilty in San Diego?

It is to be assumed that the judge who grants probation does so with discriminating appreciation of the effect of the form of his order upon defendant's activities and status. (*Stephens* v. *Toomey* (1959), *supra,* 51 Cal.2d 864, 873 [20].) Among other things, the judge presumably has in mind the rule of the Doble case (1925), *supra,* 197 Cal. 556, 576-577 [7], and its possible applications developed in the cases collected in footnote 7, *supra.* Thus, when he suspends pronouncement of sentence for an alternatively punishable offense, it is to be assumed that while he did not wish to deprive the defendant of his civil rights and thereby unnecessarily hamper defendant's efforts to rehabilitate himself (by stigmatizing him even temporarily as one against whom a judgment of conviction of felony and sentence to

prison had been entered) the judge also did not wish to classify the defendant as a mere mismeanant whose offense would not be available, for example, to increase defendant's punishment if defendant should thereafter prove himself a recidivist.[10] (See Pen. Code, § 3024.) ▮▮▮ And here it is to be presumed that the Alameda judge who suspended imposition of sentence for violation of former section 503 of the Vehicle Code did so with recognition that defendant would remain classified as one convicted of a felony within the meaning of section 12021 of the Penal Code until and unless the Alameda offense was reduced to a misdemeanor by imposition of appropriate sentence or until defendant successfully completed probation and received the statutory rehabilitation provided for by section 1203.4 of the Penal Code.

Defendant argues that "the failure to go through the ritual prescribed by Section 1203.4, which appellant had the right to have performed at any time, [should not] determine that he is guilty of a felony"; that "such a result would glorify form over substance to an absurd extent."

▮▮▮ It does not appear that compliance with the statutory procedure which results in dismissal of a charge as to a defendant who has successfully completed probation should be brushed aside as a meaningless formality. Such a defendant should comply with the statutory procedure as an indication of his appreciation that he has fulfilled the conditions upon which he was granted clemency and that he has acquired a status more like that of the person who has never been convicted of crime than would have been possible without the court's act of grace and defendant's acceptance of its meaning.

*Defendant's Contention that He has not been "Convicted" of Violation of former Section 503 (now 10851) of the Vehicle Code.* Defendant relies upon *In re Rosencrantz* (1931), 211 Cal. 749 [297 P. 15], for the proposition that

---

[10]An example of the discriminating application of the probation statutes as they relate to section 17 of the Penal Code and to the statutes which provide for increased punishment of repeating offenders is *People v. Christman* (1940), 41 Cal.App.2d 158, 160-161 [3, 4] [106 P.2d 32], which holds that a prior conviction could be shown for the purpose of increasing punishment in the following circumstances: Before the defendant committed the substantive offense he was convicted of an alternatively punishable crime and placed on probation without imposition of sentence. After he committed (but before he was tried for) the substantive offense his probation was revoked, he was sentenced to state prison for the prior crime, and execution of the prison sentence for such prior crime was suspended.

where imposition of sentence for an alternatively punishable crime is suspended and the term of probation expires without pronouncement of sentence, there is no prior conviction. Petitioner Rosencrantz was convicted of felony and sentenced as one with three prior felony convictions. She attacked the finding of a prior conviction which had been disposed of in the same manner as the present defendant's violation of former section 503; i.e., petitioner had pleaded guilty to a charge of an offense punishable either as misdemeanor or as felony; sentence was never pronounced; she was granted probation; and the term of probation expired. The court recognized (p. 751 [2] of 211 Cal.) that "if petitioner had been sentenced to the state prison, she would have been convicted of a felony; and had she been sentenced to the county jail, she would have been convicted of a misdemeanor." But, it held (p. 751 [3] of 211 Cal.), the prior offense was not within the then applicable provision of section 644 of the Penal Code (Stats. 1927, ch. 634, p. 1066) which prescribed life imprisonment without possibility of parole for one convicted of felony who had been "previously three times convicted . . . of any felony" (there was then no requirement of service of a term of imprisonment under the prior convictions), because "she was not sentenced at all, nor was any judgment of conviction pronounced."[11]

The Rosencrantz (1931) decision, *supra,* 211 Cal. 749, cannot be considered as either authority for or persuasive toward the position of the present defendant, for that decision apparently overlooked certain pertinent matters of fact and law. ▉ "Cases are not authority for propositions not considered." (*In re Tartar* (1959), 52 Cal.2d 250, 258 [13] [339 P.2d 553].)

---

[11]There is a further holding in Rosencrantz (p. 751 [5] of 211 Cal.) which does not affect our problem here and which appears inadvertent; i.e., that the prior offense was within section 667 of the Penal Code (Stats. 1909, p. 364) as it then read. Such section provided, "Every person who, having been convicted of any offense punishable by imprisonment in the state prison, and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows: 1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison for the maximum period for which he might have been sentenced, if such offense had been his first offense." The California Supreme Court quoted only subdivision 1 of the section and apparently overlooked the requirement of the first sentence of the section that the one previously convicted must have "served a term therefor."

At all times applicable to Rosencrantz the probation law[12] provided (as it still provides) that a defendant who fulfilled the conditions of his probation could withdraw his plea of guilty or have the verdict of guilty set aside and the accusation dismissed and "*thereafter* be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." (Italics added.) So far as the Rosencrantz opinions disclose (see *People* v. *Rosencrantz* (1928), 95 Cal.App. 92, 94 [1] [272 P. 786]) petitioner did not have the prior accusation dismissed. The opinion in 211 Cal. 749 does not mention the problem, present in the case at bar, whether this statutorily authorized dismissal is necessary before a defendant is released from those disabilities inherently resulting from conviction of crime even though no judgment is entered.

Also the opinion in 211 Cal. 749 does not mention the 1927 addition to the probation law of the proviso that "in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation . . . dismissed." (Pen. Code, § 1203, subd. 4 [Stats. 1927, ch. 770, p. 1496] ; this proviso appears in all subsequent amendments of the probation law.) Nor does the opinion in 211 Cal. 749 mention the holding of *People* v. *Rosencrantz* (1928), *supra,* 95 Cal.App. 92, 94 [1], that even if the petitioner had obtained a dismissal of the prior charge, such prior conviction would be available to support a subsequent determination of habitual criminality because the habitual criminal statute (which, as stated, did not then require service of a term of imprisonment on the prior conviction) "relates to a prior conviction of felony, and not to the manner in which the judgment on the conviction has been expiated."

In view of the above noted matters, *In re Rosencrantz* (1931), *supra,* 211 Cal. 749, cannot be considered as authority contrary to the general California rule that "A plea of guilty

---

[12]Pen. Code, § 1203, subd. 5 (Stats. 1909, p. 357), at the time (January 12, 1920; see *In re Rosencrantz* (1928), 205 Cal. 534, 536 [271 P. 902]) petitioner committed the offense which resulted in the attacked finding of a prior conviction. Pen. Code, § 1203, subd. (e) (Stats. 1923, p. 291), at the time her two-year term of probation expired. Pen. Code, § 1203, subd. 4 (Stats. 1927, ch. 770, p. 1496), at the time (June 8, 1928; see *In re Rosencrantz* (1928), *supra,* p. 536 of 205 Cal.) she was sentenced for the later substantive offense. Pen. Code, § 1203, subd. 4 (Stats. 1929, ch. 737), at the time (March 17, 1931) of the decision in *In re Rosencrantz, supra,* 211 Cal. 749.

constitutes a conviction.'' (*Stephens* v. *Toomey* (1959), *supra,* 51 Cal.2d 864, 869 [1].)

We have noted the further contention for defendant that, since the Alameda County conviction (violation of the Vehicle Code) is in itself an essential and concurrent element of the San Diego County crime (possession of a revolver by a convicted felon), the San Diego prosecution should not be construed as being ''for any other offense'' within the meaning of the last sentence of Penal Code, section 1203.4. Since, as hereinabove related, defendant did not cause the probation procedures to be concluded as authorized by such section, we do not reach this last noted contention.

We recognize that ''conviction'' has sometimes been given the meaning of a final *judgment* of conviction (see *Truchon* v. *Toomey* (1953), 116 Cal.App.2d 736, 738-745 [254 P.2d 638, 36 A.L.R.2d 1230]), but that meaning does not appear appropriate here. ▮▮▮ Defendant relies on the familiar rule that ''Where language which is reasonably susceptible of two constructions is used in a penal law, ordinarily that construction which is more favorable to the offender will be adopted.'' (*People* v. *Smith* (1955), 44 Cal.2d 77, 79 [2] [279 P.2d 33].) But that rule will not be applied to change manifest, reasonable, legislative purpose (here, the purpose expressed by section 17 of the Penal Code) that an alternatively punishable offense remains a felony until pronouncement of misdemeanor sentence or, if imposition of sentence is suspended, the purpose expressed by section 1203.4 read with section 17 that the offense remains a felony until the statutory rehabilitation procedure has been had, at which time the defendant is restored ''to his former status in society insofar as the state by legislation is able to do so, with one exception, namely, that . . . the record in the criminal case may be used against him for limited purposes in any criminal proceeding thereafter brought against him.'' (*Stephens* v. *Toomey* (1959), *supra,* p. 871 of 51 Cal.2d.)

For the reasons above stated the order appealed from is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., and White, J., concurred.

Spence, J., concurred in the judgment.