456 P.2d 409

**The STATE of Arizona, Appellee,**
**v.**
**Guy Martin WALLS, Appellant.**

**No. 2 CA–CR 171.**

Court of Appeals of Arizona.
Division 2.
June 30, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Michael M. Moore, Tucson, for appellant.

KRUCKER, Judge.

Defendant-appellant, Guy Martin Walls, was informed against for the crime of burglary. The jury returned a verdict of guilty of second degree burglary, and judgment was entered thereon. Defendant was sentenced to not less than three nor more than four years.

Prior to the close of the presentation of the State's case, a conference was held in chambers with defense counsel and the County Attorney present. The County Attorney stated that if the defendant took the witness stand, he intended to interrogate the defendant on cross-examination, for impeachment purposes, as to a prior conviction in California. An objection to such interrogation was timely made by defense counsel on the ground that defendant had not been sentenced for the California conviction, and, under the California Penal Code [1] the conviction could be treated either as a felony or misdemeanor. He argued that since judgment had not been entered nor sentence imposed, there had been no prior felony conviction and the cross-examination was improper. The trial court rejected this contention and allowed the State to cross-examine as follows:

\* \* \*

"Q. Have you ever been convicted of a felony?

A. Yes.

Q. What is that felony you have been convicted of?

A. Second degree burglary.

MR. NEUBAUER: No further questions.

MR. MOORE: No further questions. The defense rests."

\* \* \*

The circumstances of the California conviction are that after conviction, the defendant fled the State of California and became a fugitive. Therefore, he was never sentenced. The pivotal question on appeal is whether defendant had been convicted of a felony so as to allow the trial inquiry for impeachment purposes.

Whether a prior conviction is a felony or misdemeanor should be decided by the law of the sentencing state. State v. Morales, 98 Ariz. 169, 402 P.2d 998 (1965). In this case, no sentence was imposed, but we do not believe that the difference is substantial. California law should determine whether this conviction without sentencing is a felony or misdemeanor.

It was early decided in both California and Arizona that evidence of a felony conviction rendered without sentencing was admissible for impeachment purposes. In People v. Ward, 134 Cal. 301, 66 P. 372 (1901), California decided that a witness may be impeached by showing he was a convicted felon, although at the time of the question only a verdict had been rendered; no sentence was then imposed. Likewise, in Arizona, in State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262 (1965), defendant was cross-examined at a time when only a verdict of guilty was entered, and sentence had not yet been imposed. The court held the conviction was a verity until set aside. The authorities appear to be divided on the question of whether it is permissible to impeach a defendant by showing a verdict of guilty when judgment and sentence have not been entered. Annot., 14 A.L.R.3d 1272 (1967).

However, in this case the question is not whether a conviction rendered without sentencing is admissible for impeachment pur-

1. Cal. Penal Code Annot. § 17:
"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment other than imprisonment in the state prison \* \* \*." This is almost identical to 5 A.R.S. § 13–103.

poses. The question is whether, given such a conviction, it is a felony or misdemeanor. Only if it is a felony can it be used for impeachment purposes. State v. Johnson, 94 Ariz. 303, 383 P.2d 862 (1963); State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954); State v. Gallegos, 99 Ariz. 168, 407 P.2d 752 (1965).

We think the law of California is clear as stated in People v. Banks, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102 (1959). Defendant had pleaded guilty to a felony. He was entitled to have his sentence suspended following a probation period. Defendant, however, had failed to apply therefor, and the Court held that a law forbidding convicted felons from carrying weapons therefore applied to him. The Supreme Court of California said that generally under such circumstances where a crime is punishable either as a felony or misdemeanor:

"* * * [it] stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect * * *." 1 Cal.Rptr., at 677, 348 P.2d at 110.

*See also*, Doble v. Superior Court of State of California in and for City and County of San Francisco, 197 Cal. 556, 241 P. 852 (1925).

It may be noted that a crime which may be treated as a felony or misdemeanor remains a felony for the purpose of the statute of limitations. *See*, Doble, supra.

Under the circumstances of this case, we hold that even though the defendant has never been sentenced on the California conviction, such conviction should be treated as a felony. We therefore find no error in allowing the State to cross-examine the defendant as to the prior conviction.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.