MATTER OF AMESQUITA

In Deportation Proceedings

A-11783610

*Decided by Board August 25, 1977*

(1) Deportation proceedings were instituted against respondent, a lawful permanent resident, under § 241(a)(4) of the Immigration and Nationality Act, based on conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, namely, assault with a deadly weapon, to which he pleaded guilty in 1973, and second degree burglary, to which he pleaded guilty in 1975. The question presented is whether the second conviction subjects respondent to deportability under section 241(a)(4) of the Act.

(2) On June 6, 1975, following the second conviction, the trial judge deferred the entry of judgment of conviction, and the imposition of sentence and placed the respondent on five years probation pursuant to section 1203 of the California Penal Code. On January 12, 1976, the judge executed a judicial recommendation against deportation.

(3) Section 241(b) of the Act provides that a judicial recommendation against deportation must issue at the time of or within 30 days of the imposition of judgment or sentence. While it is true that there is no "judgment of conviction" where the trial judge suspends or refrains from pronouncing judgment and places the respondent on probation, such a dispositional order following ascertainment of guilt does have sufficient finality to support a finding of deportability under section 241(a)(4) of the Act.

(4) Although section 241(b) of the Act refers to a "judgment" rather than a "conviction," the 30-day time limit must begin to run at the time the court makes an order with sufficient finality to support a finding of deportability. Therefore, the 30-day period during which the judicial recommendation against deportation could have been issued expired on July 6, 1975, and that recommendation made subsequently was ineffective.

(5) Notwithstanding the fact that respondent has never departed the United States, he is statutorily eligible for discretionary relief under section 212(c) of the Act. See *Matter of Silva*, Interim Decision 2532 (BIA 1976). The record will be remanded so respondent may apply for that relief.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit, assault with a deadly weapon in violation of section 245, California Penal Code; burglary, second degree in violation of section 459, California Penal Code

ON BEHALF OF RESPONDENT:  Ira Bank, Esquire
Raymond Campos, Esquire
One Stop Immigration Center, Inc.
1443 Wright Street
Los Angeles, California 90015

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated August 2, 1976, the immigration judge found the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act as an alien who had been convicted of two crimes involving moral turpitude. The respondent's request for relief from deportation under section 212(c) was denied on statutory grounds. The respondent appeals from the finding of deportability, arguing that his deportation is precluded by a judicial recommendation against deportation rendered with respect to his second conviction. Alternatively, he argues that he is not ineligible for relief pursuant to section 212(c). The appeal from the finding of deportability will be dismissed. The appeal from the immigration judge's denial of section 212(c) relief will be sustained, and the record will be remanded to the immigration judge for further proceedings.

I

The respondent, a native and citizen of Mexico, entered the United States in 1958 as a lawful permanent resident. On August 1, 1973, he entered a plea of guilty to a charge of assault with a deadly weapon, in violation of Section 245 of the California Penal Code. Imposition of sentence was deferred, and the respondent was placed on three years probation, upon the condition that he serve three months in the Los Angeles County Jail.

On May 2, 1975, the respondent entered a plea of guilty to a charge of second degree burglary, in violation of Section 459 of the California Penal Code. Under the probation procedure set forth in C.P.C. §1203, et seq, the Superior Court Judge on June 6, 1975, deferred the entry of a judgment of conviction, deferred the imposition of sentence, and placed the respondent on five years probation. On January 12, 1976, after notice to the District Director of the Immigration and Naturalization Service, the Superior Court Judge executed a judicial recommendation against deportation. See section 241(b) of the Immigration and Nationality Act. The respondent argues that this recommendation precludes the use of his second conviction as a basis of deportability under section 241(a)(4).

Under section 241(b) of the Act, the provisions of section 241(a)(4) do not apply to an alien "(2) if the court sentencing such alien . . . shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien shall not be deported . . . ."

The respondent contends that since the trial court suspended the pronouncement of judgment and the imposition of sentence, the 30-day period during which a judicial recommendation against deportation must be made did not begin to run on June 6, 1975, the date of his conviction.

319

The respondent's argument, at first glance, seems plausible. Whereas section 241(a)(4) predicates deportability upon a "conviction," section 241(b) explicitly states that a judicial recommendation must issue at the time of, or within 30 days of, the first imposition of "judgment" or "sentence." Under California law, when a verdict of guilty is rendered or a plea is made, the trial court may, if it chooses to retain jurisdiction under the probation statutes (California Penal Code §§1203–1203.4) either (1) pronounce judgment and suspend its execution; that is, refrain from issuing a commitment of the defendant to the prison authority pending administration of the probation plan, or (2) suspend, or refrain from, the pronouncement of judgment, subject to the administration of the probation laws. See *People* v. *Banks*, 53 Cal. 2d 370 (1959) at 384.[1] When, as in the respondent's case, the court has followed the latter course, there exists no "judgment of conviction" entered against the defendant. Similarly, there has been no imposition of sentence, since probation, even if conditioned upon a period of incarceration, is not a sentence. *Petersen* v. *Dunbar*, 344 F.2d 800 (9 Cir. 1966).

However, it is clear that such a dispositional order following an ascertainment of guilt has sufficient finality to support a finding of deportability under section 241(a)(4). *Gutierrez* v. *INS*, 323 F.2d 593 (9 Cir. 1963). If section 241(b) is going to serve its purpose as a method whereby an otherwise deportable alien may avoid deportation through a judicial recommendation that he not be deported, the availability of such a recommendation must arise at the same time the court makes an order sufficient to allow deportation.[2] We therefore conclude that, although

---

[1] Under both procedures, described in *People* v. *Banks*, *supra*, as "integral and important part[s] of the penalogical plan of California," *supra* at 383, the trial court retains jurisdiction over the defendant. The effect of the former procedure, though, appears to be a loss of civil rights in the same manner as suffered by all convicts. Under the latter procedure, however, the defendant is put under only such restrictions as the trial court deems appropriate. The purpose behind this option is the desire not to "unnecessarily hamper [the] defendant's efforts to rehabilitate himself (by stigmatizing him even temporarily as one against whom a judgment of conviction of felony and sentence to prison had been entered.)" *People* v. *Banks*, *supra*, at 387–389. See also, *Stephens* v. *Toomey*, 51 Cal. 2d 864 (1958).

[2] A contrary conclusion, far from sustaining the respondent's argument in this case, would effectively preclude the availability of a judicial recommendation against deportation for an alien convicted under this procedure. Section 241(b) requires that a valid recommendation be given ". . . *at the time* of first imposing judgment or passing sentence, or within thirty days *thereafter* . . . . " (Emphasis supplied.) Thus, if we were to accept the respondent's contention that a "judgment" has not been rendered in this case, the respondent's recommendation, obtained during his term of probation, is untimely and premature. The proper time for a recommendation would then be only at such time as the court revoked probation, or at the completion of the probationary term. However, it is settled that a conviction followed by a deferral of judgment and sentence may validly from the basis of a charge of deportability under section 241(a)(4). *Gutierrez* v. *INS*, *supra*.

section 241(b) refers to a "judgment" rather than a "conviction," the 30-day time limit must begin to run at the time the court makes an order with sufficient finality to support a finding of deportability.

The respondent, citing *Sawkow* v. *INS*, 314 F.2d 34 (3 Cir. 1963), argues that in determining whether a "judgment" has been entered against the respondent for the purposes of section 241(b), the State definition must control. In *U.S. ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (2 Cir. 1959), the United States Court of Appeals for the Second Circuit held that a Federal standard should govern, although the Federal standard would in most situations incorporate the State standard. Under the approach we take in this case, it is the State standard which determines whether or not there has been a *"conviction"* for the purposes of section 241(a)(4). However, for the purposes of section 241(b), the term "judgment" must be interpreted according to a Federal standard to refer to a conviction sufficient to give rise to deportability.

Moreover, even under California law, it becomes apparent upon close analysis that the respondent's argument must fail. While for many purposes, the order of the trial court suspending proceedings during the probationary period will not constitute a "judgment of conviction," such a dispositional order following the ascertainment of guilt will in fact constitute a "judgment" for some purposes under California law. For example, under section 1237 of the California Penal Code, a defendant may only appeal from a "final judgment of conviction." However, for the purpose of taking an appeal, "an order granting probation . . . shall be deemed to be a final judgment . . . ." Similarly, an ascertainment of guilt followed by a formal order granting probation is considered sufficiently final to constitute a "conviction" under California law, when another criminal charge contains as an element of the offense the requirement that the accused be a person previously convicted of a felony. *People* v. *Banks, supra.*[3] Therefore, even if we were to be governed by the definition of "judgment" under State law, the order issued by the court in the respondent's case constitutes a "final judgment of conviction" for at least some purposes under California law.

We find, therefore, that the 30-day period during which a valid judicial recommendation against deportation could have been issued expired on July 6, 1975, 30 days after the respondent's conviction.

---

Thus, if the respondent's argument were followed to its logical conclusion, an alien in the respondent's position would find himself in the anomalous position of being deportable without any opportunity to apply for judicial recommendation against deportation.

[3] See also *In re Morehead*, 107 Cal. App. 2d 346 (1951); *People* v. *Sherman*, 17 C.A.3d 550 (1951). It becomes apparent that this procedure is akin to an expungement process. Under section 1203.4(a), C.P.C., a successful completion of the probationary term qualifies the defendant to apply to the trial court for dismissal of the charges against him, or reduction of the convicted offense to a misdeameanor.

The recommendation made on January 12, 1976, therefore, is ineffective to preclude the use of the respondent's second conviction as the basis of a charge under section 241(a)(4). We thus find that the respondent is deportable as charged.

## II

The immigration judge denied the respondent's request for relief from deportation under section 212(c) of the Act on the ground that the respondent's second conviction had occurred after his last departure from and reentry into the United States. Since the immigration judge's decision in this case, we have adopted the holding of the United States Court of Appeals for the Second Circuit in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), in which the court held that section 212(c) is available as a relief from deportation notwithstanding the fact that the alien respondent had not effected a departure from the United States. See *Matter of Silva*, Interim Decision 2532 (BIA 1976). The respondent has been a lawful permanent resident of the United States for 19 years. He is therefore statutorily eligible for discretionary relief from deportation under section 212(c). Since the immigration judge's decision in this case preceded our decision in *Matter of Silva, supra*, we shall remand the record so that the respondent may have the opportunity to make application for relief under that section.

ORDER: The appeal from the finding of deportability is dismissed.

FURTHER ORDER: The appeal from the denial of section 212(c) relief is sustained, and the record is remanded to the immigration judge for further proceedings.