**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTURO SINAI FRANCO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-75046

Agency No. A096-811-436

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2010
San Francisco, California

Before: NOONAN, HAWKINS, and M. SMITH, Circuit Judges.

Arturo Sinai Franco, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals's (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for

review and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Franco pleaded guilty under section 245(a)(1) of the California Penal Code, which is a "wobbler" statute. *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003). We recognize that California law treats a person who pleads guilty to a wobbler as "'acquir[ing] the status . . . not then final . . . of a person convicted of a felony.'" *Id.* at 844 n.5 (quoting *People v. Banks*, 348 P.2d 102, 113 (Cal. 1959)).

Nevertheless, the plea under a wobbler may still result in a misdemeanor conviction under California law. For example, in this case, the state trial judge could have ultimately imposed a sentence other than imprisonment in state prison, or alternatively, could have declared Franco's offense under section 245(a)(1) to be a misdemeanor. Either would have resulted in Franco being convicted of a misdemeanor under California law, *see* Cal. Penal Code § 17(b)(1), (3), possibly making him eligible for cancellation of removal.

In this case, however, the federal government deprived Franco of having the trial judge make such a determination. Franco was scheduled to appear in state court for a sentencing hearing on February 25, 2008, a little more than a month after the entry of his guilty plea. But before Franco had the opportunity to attend his hearing, the Department of Homeland Security (DHS) took Franco into its custody and detained him in Arizona pending his immigration hearing. If DHS had allowed Franco to appear at his sentencing hearing, it would have been

properly left to the trial judge to determine the nature of Franco's conviction. Yet DHS foreclosed any chance of that scenario from being realized.

The government cannot have it both ways: it cannot benefit from treating a wobbler as a felony until a judgment comes down, yet prevent a person from qualifying as a misdemeanant under a wobbler by whisking him away before sentencing and judgment. Because DHS deprived Franco of the opportunity to qualify as a misdemeanant, we remand for the BIA to reconsider Franco's application for cancellation of removal under the presumption that Franco's violation of Cal. Penal Code section 245(a)(1) constitutes a misdemeanor.

**PETITION FOR REVIEW GRANTED and REMANDED**.