Filed 2/24/14  P. v. Rein CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE, | C073651 |
| Plaintiff and Respondent, | (Super. Ct. No. 62115140) |
| v. | |
| JUSTIN PETER REIN, | |
| Defendant and Appellant. | |

Defendant Justin Peter Rein pleaded no contest to felony unlawful intercourse with a person under 18.  (Pen. Code, § 261.5, subd. (c).)[1]  The trial court suspended imposition of sentence and placed defendant on three years' formal probation, ordered him to register as a sex offender (§§ 290, 290.006), and imposed various fines and fees.

On appeal, defendant contends the sex offender registration order was erroneous, several fines and assessments were erroneously imposed as conditions of probation, and ineffective assistance of counsel.  We affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

Twenty-one-year-old defendant met 16-year-old M.M. on Xbox live, an online service for the Xbox 360 video game console. From May 21, 2012, through July 14, 2012, the two exchanged 11,251 text messages. Many of the texts were of a sexual nature; at one point defendant and M.M. sent naked photographs of themselves to each other. During the texts, defendant and M.M. told each other their respective ages.

On July 13, 2012, defendant flew from his home in New York to Sacramento, where M.M. picked him up at the airport. The couple went to a Rocklin hotel and had intercourse. M.M.'s mother discovered the tryst through Facebook and alerted police. Officers apprehended defendant at the hotel.

At the change of plea hearing, defense counsel stated that whether defendant would be subject to section 290 sex offender registration would be left to the trial court after argument from the parties at sentencing. The trial court ordered a mental health evaluation of defendant at the change of plea hearing. The evaluation found defendant's crime had a predatory quality and he had a predisposition to commit sexual offenses. Defendant therefore likely posed "a danger to the health and safety of others in the community in terms of a sexual reoffense." The evaluator recommended sex offender registration for defendant.

At the sentencing hearing, defense counsel argued defendant was not the type of person the Legislature intended to apply lifetime sex offender registration. Counsel did not assert the trial court could not impose sex offender registration. The trial court imposed sex offender registration based on the mental health evaluation and the similar observations about defendant contained in the probation report.

DISCUSSION

I

Defendant contends the trial court erred in ordering him to register as a sex offender pursuant to section 290 at the time it placed him on probation. Relying on our

2

decision in *People v. Allexy* (2012) 204 Cal.App.4th 1358 (*Allexy*), defendant argues the trial court lacked the authority to order sex offender registration because it suspended imposition of sentence when it ordered sex offender registration. We disagree.[2]

Section 290 requires mandatory lifetime sex offender registration for defendants convicted of specified offenses. (§ 290, subd. (c).) Unlawful intercourse with a person under 18 pursuant to section 261.5 is not one of those offenses. However, a person convicted of any other offense is subject to registration under section 290 "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

Defendant does not contest the trial court's finding that the offense was committed out of sexual compulsion or for sexual gratification or its statement of reasons for requiring lifetime registration. Rather, he claims the trial court did not impose registration " 'at the time of conviction or sentencing,' " as that phrase is interpreted in *Allexy*.

In *Allexy*, the defendant pled guilty to child endangerment and the trial court imposed sentence but placed the defendant on probation and suspended execution, telling her that it would order her to register as a sex offender if she violated probation. (*Allexy, supra*, 204 Cal.App.4th at p. 1360.) The defendant subsequently violated her probation and she was ordered to register. (*Ibid.*)

---

[2]     The Attorney General contends defendant's failure to raise this claim before the trial court forfeits the contention on appeal. Since defendant asserts the sex registration order was unauthorized, we may consider it even though he failed to raise the objection below. (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

On appeal, we addressed whether the trial court followed the wrong procedure in ordering sex offender registration. (*Allexy, supra*, 204 Cal.App.4th at p. 1362.) We concluded "the procedure the trial court followed was wrong. It failed to decide at the time it imposed sentence whether defendant would have to register. Rather, it bifurcated the procedure by imposing sentence (instead of suspending imposition of sentence) and deferring a decision about whether defendant had to register. There was no statutory basis for the court's bifurcated procedure." (*Id*. at p. 1363.) However, since the defendant agreed to this procedure in order to obtain a favorable plea agreement, the error was invited and the judgment was affirmed. (*Id.* at pp. 1363-1364.)

Defendant argues *Allexy* prevents a trial court from ordering sex offender registration when it suspends imposition of sentence and places defendant on probation. Defendant further notes the Supreme Court's holding that "[w]hen the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation." (*People v. Howard* (1997) 16 Cal.4th 1081, 1087, citing *People v. Banks* (1959) 53 Cal.2d 370, 386, and *Stephens v. Toomey* (1959) 51 Cal.2d 864, 871.) Asserting he was convicted when he entered his no contest plea, defendant claims the sex offender registration order was invalid as it was not entered at the time of conviction or sentencing. He is wrong.

A plea of guilty or no contest does not convict a defendant. In felony cases, the trial court sets a date for entry of judgment within 20 judicial days of the verdict, finding, or plea of guilty or no contest. (§ 1191.) At the hearing, the defendant may move to arrest the judgment due to insanity or for good cause for an arrest of judgment or new trial. (§§ 1201, 1200, 1185; 6 Witkin and Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Judgment, §§ 138-139, pp. 182-183.) If there is no reason to arrest the judgment, the trial court then enters the judgment of conviction and either sentences defendant or suspends imposition of sentence and places him on probation.

The trial court's decision to suspend imposition of sentence and place the defendant on probation does not change the fact that he was convicted at that hearing. While a "defendant whose guilt has been established (by plea, finding or verdict) but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation," that defendant nonetheless "stand[s] convicted of a felony" for certain purposes. (*People v. Banks*, *supra,* 53 Cal.2d at pp. 386-387.) One such purpose is being susceptible to sex offender registration pursuant to sections 290 and 290.006; a defendant convicted of a felony is subject to registration under 290.006 even if the trial court suspends imposition of sentence and places the defendant on probation.

This reading of section 290.006 is consistent with the principles of statutory construction. As our Supreme Court has repeatedly noted, "we must follow the fundamental rule of statutory construction that requires every part of a statute be presumed to have some effect and not be treated as meaningless unless absolutely necessary. 'Significance should be given, if possible, to every word of an act. [Citation.] Conversely, a construction that renders a word surplusage should be avoided. [Citations.]' [Citations.]" (*People v. Arias* (2008) 45 Cal.4th 169, 180.) Section 290.006 allows the trial court to order sex offender registration "at the time of conviction or sentencing." Under defendant's interpretation, a trial court could not impose sex offender registration when the defendant is convicted but sentencing is suspended. Sex offender registration would thus be limited to proceedings where the defendant is sentenced, rendering the term "conviction" surplusage. By contrast, our interpretation gives effect to both terms, allowing sex offender registration to be imposed where, as here, a defendant is convicted but not sentenced, where the defendant is sentenced at some point after the judgment of conviction, such as when probation is revoked, or where a defendant is

5

convicted and sentenced in the same proceeding. This approach is also consistent with our decision in *Allexy*, which held sex offender registration cannot be imposed at some time after the defendant has been convicted and sentenced.

Since defendant was convicted at the hearing in which sex offender registration was ordered, the order is valid.

## II

Defendant contends the trial court improperly imposed various fines, fees, and assessments as conditions of probation.

At sentencing, the trial court ascertained that defendant and defense counsel read and understood the terms of the probation report. The trial court then placed defendant on three years' formal probation "under the terms and conditions recommended by probation."

The probation report recommended probation for defendant. It set forth recommended general terms and conditions of probation and special terms of probation in separate sections. In a section titled "Restitution and Fees," the probation report recommended a base fine of $200 (§ 672) plus applicable penalty assessments and fees, a $350 fee for the cost of the probation report, $20 per month in probation supervision fees (§ 1203.1b), a 20 percent assessment to the base fine (§ 1465.7), a $40 per offense court operations fee (§ 1465.8), a $30 criminal assessment fee (Gov. Code, § 70373), a $296 booking fee (Gov. Code, § 29550.2), a $118 incarceration fee (§ 1203.1c), a $240 restitution fine (§ 1202.4, subd. (b)), and a suspended $240 probation revocation fine (§ 1202.44).

The probation order is in a document entitled "Order Granting Probation and Judgment for Monetary Penalties." The first two pages set forth the terms and conditions

6

of defendant's probation. The following page, titled "Restitution, Fines, and Fees," sets forth the fines, fees, and assessments as recommended by the probation report.**3**

Fines and fees which are collateral to defendant's crimes may not be made a condition of probation unless specifically authorized by statute. (See, e.g., *People v. Hall* (2002) 103 Cal.App.4th 889, 892 [probation costs are collateral and thus their payment may not be made a condition of probation]; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321–322 [same]; *People v. Hart* (1998) 65 Cal.App.4th 902, 907 [same regarding attorney fees and costs]; § 1202.4, subd. (m) [authorizing imposing restitution fine as condition of probation].) "An order directing payment of collateral costs like the court security fee is thus not enforceable as a probation condition but instead only as a separate money judgment in a civil action, and the order should thus be imposed as a separate order entered at judgment. [Citations.]" (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1403, disapproved of on another ground in *People v. McCullough* (2013) 56 Cal.4th 589, 599.)

Defendant argues the fines, fees, and assessments were imposed as conditions of probation, and were therefore unauthorized except for the restitution and probation revocation fines. We disagree.

The trial court intended to incorporate by reference the recommendations of the probation report. The probation report separated the fines, fees, and assessments from the terms and conditions of probation, implicitly indicating they were to be imposed separately from the probation order. Any doubt about the order is resolved by the minute

---

**3** The order includes various assessments not specifically mentioned in the probation report but presumably included in the report's reference to "penalty assessments, fines, and fees as applicable." Defendant does not contend that these assessments were not included in the trial court's judgment. However, we note that the better practice, particularly when the trial court incorporates by reference the recommendations in the probation report, is for the probation report to separately list each assessment and its statutory source.

7

order, which clearly indicates the fines, fees, and assessments are part of a separate judgment rather than conditions of probation.  From this we conclude that the trial court did not intend to make the fines, fees, and assessments conditions of probation, but rather imposed them as separate orders enforceable as civil judgments.

Even if we found the trial court intended to include them as conditions of probation, the actual probation order renders any error harmless.  When a trial court improperly imposes an otherwise valid fine or fee as a condition of probation, the remedy is not to strike the fine but rather to modify the judgment to delete any reference to the fine or fee as a condition of probation and to order the trial court to clarify that the fine or fee is a separate order.  (See *People v. Pacheco, supra*, 187 Cal.App.4th at p. 1404.)  Since the trial court has already issued an order stating that the fines, fees, and assessments are separate orders rather than conditions of probation, there would be nothing of any consequence for us to order if we accepted defendant's contention.

## III

Defendant's final contention is that any forfeiture of his first two claims constitutes ineffective assistance of trial counsel.  Since we rejected the contentions on their merits, we decline to address this claim.

## DISPOSITION

The judgment is affirmed.


    BLEASE            , Acting P. J.


We concur:


    NICHOLSON         , J.


    DUARTE           , J.


8