[No. B106922. Second Dist., Div. Two. Apr. 6, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
CYNTHIA WOOD, Defendant and Appellant.

1264

## COUNSEL

Jerald W. Newton, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOREN, P. J.**—Cynthia Wood was convicted by plea of guilty to 10 counts of forgery and, in another case, by plea of guilty to 1 count of receiving stolen property with an admission that she had been released on bail or on her own recognizance at the time of the commission of the latter offense. (Pen. Code, §§ 470, 496, subd. (a), 12022.1.)[1] In each case, she was placed on probation after sentence was imposed and execution of judgment was suspended. She subsequently moved for reduction of the felony convictions to misdemeanors. The motion was denied. She appeals from the denial of her motion. We hold that the trial court properly determined that section 17, subdivision (b)(3), precludes the court from reducing felonies to misdemeanors where a prison sentence has been imposed before probation was granted.

### FACTS AND PROCEDURAL BACKGROUND

The record establishes that in August or September 1993, appellant took blank checks which had been delivered to the mailbox of a woman who was on vacation. Appellant filled out 10 checks and forged the woman's name. She was charged in No. KA020639 with 10 counts of forgery. Thereafter, in January 1994, a deputy sheriff found appellant in possession of several checkbooks belonging to two other individuals who had ordered, but had not

---

[1]Unless otherwise specified, all further statutory references are to the Penal Code.

received, their checks. As to these checks, appellant was charged in No. KA020887 with receiving stolen property.

In February 1994, appellant entered guilty pleas to 10 counts of forgery in No. KA020639. She signed a written plea agreement which listed the possible penalties for each count of violating section 470 as "16-2-3" and which stated that she would be sentenced to six years in prison and could request probation. At the time she entered the pleas, the prosecutor stated, "[Y]ou are charged with ten counts, all being felonies, with violating Penal Code section 470, which is forgery of an endorsement." Appellant thereupon entered her plea of guilty as to each count.

Two weeks later, appellant entered a guilty plea to receiving stolen property and admitted the section 12022.1 enhancement in No. KA020887, signing another written plea agreement and acknowledging she had discussed the consequences of the plea with her attorney. On this date, appellant was sentenced in accordance with her plea agreements to six years in prison in No. KA020639 and to a consecutive term of eight months in prison, with a two-year section 12022.1 enhancement, in No. KA020887. Execution of the sentences was suspended and she was placed on probation for three years. The trial court at this time also revoked and reinstated probation previously granted in an earlier case No. KA020202. Appellant was ordered to serve 365 days in county jail with the option of serving that time in a live-in drug program.

In July 1996, appellant returned to court, before a different judge, requesting early termination of probation and asking that the trial court reduce her convictions to misdemeanors pursuant to section 17, subdivision (b). The probation department supported her request for early termination. Appellant provided a letter to the court indicating that, although she had been addicted to drugs and alcohol, she had entered a recovery home shortly after being placed on probation and had been "clean" for two years. She had reconciled with her husband and regained custody of her daughter. She continued to attend meetings several times each week, and had weekly counseling with a licensed therapist. After leaving the recovery home, she became an active member of the alumni of the recovery house and continued to assist other women.

She further wrote that during her residence at the home, she had taken a position as secretary to the district manager of Sherwin-Williams Company, who was aware of her "past." She was anxious to seek a more challenging position in the company, but was aware that she could not pass the background investigation because of her criminal record. For that reason, she asked that her cases be dismissed.

Appellant's employer also wrote a letter, describing her as a "valuable and trusted employee" who had "turned her life around." He indicated that she could be considered for possible future promotion in the company, and asked that the charges against her be dismissed.

At the hearing, the trial court considered the requests for termination of probation and for reduction of the offenses to misdemeanors. The court stated it believed the offenses were "not reduceable," because a state prison sentence had been imposed and execution of judgment suspended. Defense counsel argued, "The way we read [section] 17(b)(3) is 17(b)(3) was created so that a defendant would be rewarded for doing well on probation. . . . My understanding on the legislative intent was basically 17(b)(3) was to reward defendants who have done well."

The court stated, "There's no question here that if anyone is deserving of relief this defendant may very well be deserving of that relief," but indicated it believed it was precluded from reducing a felony to a misdemeanor where a prison term had been imposed and suspended. The court continued the matter to permit the parties to research the issue.

When the hearing on the matter resumed, the trial court ordered appellant's probation terminated pursuant to section 1203.3 but denied the request to reduce the convictions to misdemeanors.[2] The court stated that it lacked the authority to do so because a prison term had initially been imposed and suspended. The court indicated that, had it the authority to reduce the convictions to misdemeanors, it would have done so, stating, "And I'll make it clear that were it not for the state prison sentence imposed, I would grant the relief, I would declare it a misdemeanor and terminate probation, let her withdraw the plea, set aside the plea, whatever. But I just don't think I can because a state prison sentence was imposed at the time of sentencing back in 1994."

## DISCUSSION

 Appellant contends that the trial court was mistaken in its belief that it lacked the discretion to reduce her felony convictions, which were "wobblers," to misdemeanors. She argues that three statutory provisions, sections 17, subdivision (b)(3), 1203.3, and 1203.4, in combination, give a trial court authority to allow the original imposition of sentence to be

---

[2]In the earlier case No. KA020202, which was apparently a misdemeanor offense, the trial court indicated it would "set aside the plea, terminate and dismiss in that case . . . ."

withdrawn and to impose a new misdemeanor sentence, given their plain meaning or when any ambiguities are resolved in her favor. We disagree.[3]

### A. Section 17, subdivision (b)

Section 17, subdivision (b) provides, in relevant part, as follows: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

Appellant claims that her offense could be deemed a misdemeanor under the provisions of section 17, subdivision (b)(1) because her prison term was suspended and she was placed on probation. She concludes that, thus, a state prison sentence was not imposed within the meaning of section 17, subdivision (b)(1). This claim must fail. Imposition of a prison term, whether or not suspended, rendered the offense a felony. (See *People* v. *Banks* (1959) 53 Cal.2d 370, 385-386 [1 Cal.Rptr. 669, 348 P.2d 102]; *Meyer* v. *Superior Court, supra,* 247 Cal.App.2d at p. 137.)

■ Appellant further argues that subdivision (b)(3) of section 17 provides two ways for a trial court to reduce a sentence to a misdemeanor: The first phrase permits the trial court to make the matter a misdemeanor when it grants probation without the imposition of sentence, and the second phrase permits the court to make the matter a misdemeanor on application of the defendant or the probation officer after it has placed the defendant on probation. We reject this interpretation. The plain meaning of the statute requires that the word "or" be read to pertain to the timing of the declaration by the trial court that the offense is a misdemeanor: Either the court may declare the offense to be a misdemeanor at the time of granting probation or it may do so on application of the defendant or the probation officer thereafter. The introductory clause, "When the court grants probation to a

---

[3]Respondent argues that appellant is estopped from challenging her felony convictions which were entered pursuant to voluntary plea agreements and from which she did not appeal at the time of the grant of probation. Not so. An application by a defendant to have the trial court declare a "wobbler" a misdemeanor may be made at any time, even after probation is terminated (*Meyer* v. *Superior Court* (1966) 247 Cal.App.2d 133, 140 [55 Cal.Rptr. 350]), and in permitting this application, section 17, subdivision (b)(3) does not distinguish between convictions obtained by guilty pleas and those obtained after trials. It is the order denying that application from which appellant appeals.

defendant without imposition of sentence," applies in both cases. (See *Meyer* v. *Superior Court, supra*, 247 Cal.App.2d at p. 139.)

██ Appellant asserts that her construction of the statute comports with previous interpretations of section 17, that a "wobbler" remains a felony until expressly declared otherwise by a trial court. Citing *People* v. *Banks, supra*, 53 Cal.2d 370, she states that the Supreme Court has indicated its approval of the practice of setting the term of probation for a length of time permissible only for a felony, and at the end of that term reducing the matter to a misdemeanor by sentence. She queries, in this regard, "[w]hat difference is there [between] imposing a felony prison commitment and suspending it, then making the matter a misdemeanor, and imposing a felony probation term, which is longer than the permissible misdemeanor probation term, then reducing the matter to a misdemeanor?" While there may be policy reasons which arguably support this interpretation, similar to the argument made, in effect, by defense counsel at the hearing below, such interpretation is nevertheless contrary to the clear pronouncement of the Legislature in section 17, subdivision (b)(3).

B. *Section 1203.4*

Section 1203.4 provides, in pertinent part, for dismissal of charges following successful completion of probation.[4] Appellant argues that since any felony, even one which is not a "wobbler," may be converted to a not guilty

---

[4]That section provides, "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty, and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery. [¶] Dismissal of an accusation or information pursuant to this section does not

verdict or plea, it is clear that the greater power to change guilty to not guilty implies the lesser power to reduce a "wobbler" to a misdemeanor. She asserts that this section provides further support for the authority of a trial court to change its designation of the offense as a felony to a misdemeanor after probation has been granted.

This argument must fail. Section 17 governs the specific matter of reduction of a "wobbler" from a felony to a misdemeanor after a grant of probation. Although a trial court may have the "greater power" to change a plea from guilty to not guilty in the case of any felony after successful completion of probation, the limitation set forth in section 17, subdivision (b)(3) must be applied when considering the specific remedy of reducing a "wobbler."

### C. *Section 1203.3*

Section 1203.3 provides, in pertinent part, "(a) The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. The court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held. [¶] (b) The exercise of the court's authority in subdivision (a) to revoke, modify, change, or terminate probation is subject to the following: [¶] (1) Before any sentence or term or condition of probation is modified, a hearing shall be held in open court before the judge. The prosecuting attorney shall be given a two-day written notice and an opportunity to be heard on the matter. [¶] (A) If the sentence or term or condition of probation is modified pursuant to this section, the judge shall state the reasons for that modification on the record. [¶] (B) As used in this section, modification of sentence shall include reducing a felony to a misdemeanor."

Appellant argues that section 1203.3 provides for the trial court to retain jurisdiction over her and over the *res* of the action, and that the authority provided therein to modify a sentence from a felony to a misdemeanor includes a sentence imposed but suspended, thus giving the trial court the authority to do so in her case.

Under section 1203.3, a trial court has the authority during the probationary term to revoke, modify or change a probationary order. The provision on

---

permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021. [¶] This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970."

which appellant relies, subdivision (b)(1)(B), "As used in this section, modification of sentence shall include reducing a felony to a misdemeanor," was added to the statute together with the remainder of current subdivision (b) by amendment effective in 1992. (Stats. 1991, ch. 655, § 2, p. 3016.3.) Section 1 of Statutes 1991, chapter 655, pages 3016.2-3016.3, provides, "It is the intent of the Legislature in enacting this bill to require that there be a hearing in open court before the judge with notice and opportunity to be heard afforded the prosecuting attorney before a sentence or a term of probation is modified, under those circumstances where it is not otherwise required that the prosecuting attorney be notified of these activities. The Legislature is particularly concerned where the modification in sentence results in a reduction of the sentence or the term of probation."

It is thus apparent that the addition of subdivision (b)(1)(B) of section 1203.3 was intended to ensure that the notice and opportunity to be heard provisions be applied even in the case where a modification of sentence involves the reduction of a felony to a misdemeanor. There is nothing to suggest that this provision was added to abrogate the limitation in section 17, subdivision (b)(3) that a trial court may declare a "wobbler" to be a misdemeanor only where the court has granted probation to the defendant without imposition of sentence, or that it was added to expand the authority of the trial court under section 17, subdivision (b)(3). Subdivision (b)(3) of section 17 was added by amendment in 1963 (Stats. 1963, ch. 919, § 1, pp. 2169-2170) and thus predates the addition of subdivision (b)(1)(B) to section 1203.3 by many years. ■ "The courts assume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules." (*People* v. *Vessell* (1995) 36 Cal.App.4th 285, 289 [42 Cal.Rptr.2d 241].) An implied amendment or repeal of a code section is generally disfavored. (*Lesher Communications, Inc.* v. *City of Walnut Creek* (1990) 52 Cal.3d 531, 540-541 [277 Cal.Rptr. 1, 802 P.2d 317].) ■ We conclude that section 1203.3 does not permit a trial court to reduce a felony to a misdemeanor in the situation where the trial court has imposed and suspended sentence at the time it granted probation. Whatever options are available to a trial court under that section, its authority to reduce a felony to a misdemeanor remains limited by section 17, subdivision (b)(3).

This conclusion finds support in *People* v. *Howard* (1997) 16 Cal.4th 1081 [68 Cal.Rptr.2d 870, 946 P.2d 828]. There the Supreme Court held that, when a defendant suffers revocation of probation and is sentenced to prison, a trial court may not reduce a sentence previously imposed and suspended. Where the imposition of sentence was suspended, however, the trial court may, upon revocation, choose any sentence initially available. The Supreme

Court pointed out the "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences." (*Id.* at p. 1087.) ■ The court stated that a trial court's authority with regard to probationary grants is "wholly statutory" (*id.* at p. 1092) and that under section 1203.2, subdivision (c), as well as California Rules of Court, rule 435(b)(2), a sentence once imposed and suspended must be ordered into full force and effect when probation is revoked. The court observed, "The Penal Code preserves the distinction between suspended imposition and suspended execution types of probation. (See §§ 1203, subd. (a), 1203.1, subd. (a), 1203.2, subd. (c) [each section acknowledges difference between these two types of probation].)" (16 Cal.4th at p. 1094.) ■ The *Howard* court was not called upon to decide the effect of section 17 upon the situation presented there; it is clear that this section constitutes another distinction in the Penal Code between "suspended imposition and suspended execution types of probation."

In appellant's situation, as in *Howard*, different options are available to a trial court depending on whether imposition of sentence was suspended or execution of an imposed sentence was suspended at the time probation was granted. Under *Howard*, a trial court may select any term when sentence was not previously imposed, but it is bound by the sentence previously selected when one was earlier imposed and suspended. In this situation, a trial court may reduce a felony to a misdemeanor even after the original grant of probation if sentence has not been imposed and suspended, but it lacks authority to do so when sentence has been imposed and suspended.

Expressing the dilemma faced by trial judges at the time probation is granted, concerning whether to suspend imposition of sentence or impose sentence and suspend its execution, the trial court stated, "This issue comes up day in and day out when we work out dispositions on cases involving wobblers. [¶] It's contemplated that there will be a petition for reduction later on down the road, and there is clearly a disagreement among various parties as to whether or not the court can do that with a suspended state prison sentence. . . . It is an issue that comes up almost on a daily basis in this court." It is evident that the original sentencing court considered appellant's two new cases to be serious, since she was already on probation in another matter, and it apparently wished to emphasize the seriousness of her situation by imposing, and suspending, prison terms, thus locking in that particular sentence. As this record indicates, in this type of case a defendant's subsequent performance on probation may provide the trial court with reason to reduce the felony offense to a misdemeanor. However, as the trial court herein correctly recognized, section 17, subdivision (b)(3), precludes it from doing so.

## Disposition

The order under review is affirmed.

Fukuto, J., and Nott, J., concurred.

A petition for a rehearing was denied April 30, 1998, and appellant's petition for review by the Supreme Court was denied July 22, 1998, Mosk, J., and Werdegar, J., were of the opinion that the petition should be granted.