Filed 12/8/15  P. v. Tubera CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BASILIO BERNAL TUBERA,<br><br>    Defendant and Appellant. | H041358<br>(Santa Clara County<br>Super. Ct. No. 182352, 191167) |

Defendant Basilio Bernal Tubera appeals from the trial court's order after judgment denying defendant's request to have his previous felony convictions dismissed (Pen. Code, §§ 1203.4, subd. (a)(1), 1203.41, subd. (a)(1))[1] or to have those convictions reduced to misdemeanors (§ 17, subd. (b)).  Defendant argues that the trial court failed to exercise its discretion in denying relief.  For the reasons stated here, we will reverse the order to allow the trial court to exercise its discretion.

## I.    TRIAL COURT PROCEEDINGS

Defendant was arrested and charged by felony complaint in 1995 (the 1995 case) with attempting to take a car without the owner's consent.  (§ 664; Veh. Code, § 10851, subd. (a).)  Defendant pleaded guilty on the condition that he be granted probation.  The trial court suspended imposition of sentence for three years and placed defendant on formal probation with conditions including 120 days jail.

---

[1] Unspecified statutory references are to the Penal Code.

While on probation in the 1995 case, defendant was arrested and charged in 1996 (the 1996 case) with taking a car without the owner's consent (Veh. Code, § 10851, subd. (a)), as a felony; evading a peace officer (Veh. Code, § 2800.2), as a felony; and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).  Defendant pleaded guilty to all charges in the 1996 case[2] and admitted a violation of probation in the 1995 case based on the 1996 conviction.

The trial court sentenced defendant in the 1996 case to 16 months in state prison which was deemed served based on presentence custody credits.  Defendant was released to three years' parole.  The sentencing minute order, abstract of judgment, and "Notice of Judgment Pronouncing Prison Sentence" in the 1996 case each shows a prison commitment in that case with no mention of the 1995 case.  (Emphasis omitted.)  The companion minute order for the 1995 case indicates probation was terminated with "[n]o further penalties" and a total term of "0" days in custody; defendant was ordered released "@ this time ... ."  (Capitalization omitted.)

In 2014, defendant petitioned for dismissal and moved to reduce his felonies to misdemeanors under sections 17, 1203.4, and 1203.41.  Defendant contended that he had fully complied with the sentence imposed in the 1996 case, was not presently serving a sentence, and had "made a complete turnaround" in his life in the roughly 17 years since the 1996 case.  The trial court indicated at a hearing in August 2014 that its tentative decision was to deny the petition and motion because defendant had served a prison sentence in both cases, such that "record clearance ... is not available to him."  Defense counsel noted that only the 1996 case resulted in a prison sentence.  Because the trial court interpreted the record as reflecting a prison sentence in *both* cases, it continued the hearing to allow counsel to research and brief the issue.

---

[2] The record indicates that the initial plea in the 1996 case was withdrawn after a motion by the defendant.  It appears a new guilty plea was entered in early 1997 but the details of that plea agreement are not in the record.

At the continued hearing, defense counsel stated that she tried to obtain more documents from the 1995 case but learned that the court had purged the files due to the age of the case. The trial court adopted its tentative decision, stating: "I'm not convinced at all by your supplemental points and authorit[ies]. I believe he is still ineligible for the [section] 1203[.4] release and he needs to follow the procedures set up [by the] Penal Code for [pardon] and rehabs. He did serve a state commitment in this matter. And it is the route that is necessary for him to seek the remedies you're pursuing." The court continued that "the inference is that probation was terminated early [in the 1995 case] ... because of the fact that he went to prison. So that would be the inference that I []draw from all of that." The court further explained that it was denying the request "based on the totality of the circumstances and the custom and practice of the Court."

## II. DISCUSSION

Defendant limits his appeal to challenging the trial court's decision relating to the 1995 case; he does not argue that he is entitled to relief in the 1996 case under sections 17 or 1203.4. Defendant contends that the trial court's factual finding that defendant was sentenced to prison in both the 1996 case *and* the 1995 case was incorrect as a matter of law and that the trial court had discretion under sections 17 and 1203.4 to provide the relief requested. Defendant argues that the trial court abused its discretion by failing to exercise the discretion it had. "A trial court's failure to exercise discretion is itself an abuse of discretion, and we review such action in accordance with that standard of review." (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515.) We review for substantial evidence the factual findings on which the trial court determined defendant's ineligibility. (See *People v. Adair* (2003) 29 Cal.4th 895, 905–906.)

3

As relevant here, section 17, subdivision (b)(3) allows a trial court to reduce a felony wobbler[3] to a misdemeanor when "the court grants probation to a defendant without imposition of sentence and ... on application of the defendant ... thereafter, the court declares the offense to be a misdemeanor." A defendant may apply for relief under section 17 "at any time [before imposition of sentence], even after probation is terminated," but if a prison sentence is imposed the offense is rendered a felony and can no longer be reduced to a misdemeanor. (*People v. Wood* (1998) 62 Cal.App.4th 1262, 1267, fn. 3; see also *id.* at p. 1267 ["Imposition of a prison term, whether or not suspended, render[s] the offense a felony."].)

Section 1203.4, subdivision (a)(1) allows former probationers to request that certain felony convictions be dismissed. If a probationer "has fulfilled the conditions of probation for the entire period of probation" or "has been discharged prior to the termination of the period of probation," a trial court must allow the individual to withdraw his or her guilty or nolo contendere plea, at which point the court must set aside the verdict and "dismiss the accusations or information against the defendant ... ." (§ 1203.4, subd. (a)(1); *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429–1430 [in those two scenarios "defendant is entitled to relief 'as a matter of right' and dismissal is mandatory"].) A trial court may also grant relief under section 1203.4 in other probation cases "in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section ... ." (§ 1203.4, subd. (a)(1).) As with section 17, defendant cannot obtain relief under section 1203.4 if he or she served a prison term for the conviction from which relief is sought. (*People v. Borja* (1980) 110 Cal.App.3d 378, 380–381; *People v. Parker* (2013) 217 Cal.App.4th 498, 502 ["Assuming the trial court revokes probation and commits the defendant to state prison,

---

[3] A wobbler is a crime that can be punished as either a misdemeanor or a felony. (See *People v. Statum* (2002) 28 Cal.4th 682, 685.) Vehicle Code section 10851, subdivision (a) is a wobbler.

4

defendant's status changes from 'probationer' to 'prisoner' and defendant is ineligible for section 1203.4 relief."].)

The trial court found by inference that a prison sentence was imposed in the 1995 case, which would make defendant ineligible for relief under both sections 17 and 1203.4. But the record does not support the trial court's finding. When defendant was placed on formal probation in the 1995 case, the court suspended imposition of sentence. Following defendant's plea in the 1996 case, the court terminated probation in the 1995 case. The minute order reflecting probation termination in the 1995 case states defendant was to suffer "no further penalties," lists a total term of "0," and orders that defendant be released "@ this time ... ." (Capitalization omitted.) Though the record in the 1996 case is clear that defendant was sentenced to state prison in *that* case, we find nothing in the record to support the trial court's determination that defendant was also sentenced to prison in the 1995 case.

On this record, it appears defendant is eligible for discretionary relief under sections 17 and 1203.4 in the 1995 case. Although we conclude it was error for the trial court not to entertain defendant's motion and petition, we express no opinion about whether the available relief should be granted.

### III.   DISPOSITION

The order after judgment is reversed and the matter remanded for the trial court to exercise its discretion to decide whether to grant relief under Penal Code sections 17 and 1203.4.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.