Filed 10/6/22  P. v. Dahl CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B316338 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA000356) |
| v. | |
| SCOTT DAHL et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Rubiya Nur, Judge.  Reversed.

Higbee & Associates and Paul William Hecht for Defendants and Appellants.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendants and appellants Scott and Kimberle Dahl challenge the trial court's denial of their petitions under Penal Code[1] section 17, subdivision (b), to have their 1990 convictions for presenting a false or fraudulent insurance claim (former Ins. Code, § 556, subd. (a)) reduced to misdemeanors. The People contend that the Dahls were ineligible for this relief, but we disagree. Contrary to the People's assertion, at the time the Dahls committed the offense, insurance fraud was a "wobbler" offense subject to reduction under section 17, subdivision (b). We agree with the Dahls that the trial court erred by determining that it lacked jurisdiction to grant Kimberle Dahl's petition, and that the prior rejection of a similar petition by Scott Dahl barred the court from granting his new petition. We therefore reverse the denials of both petitions.

## FACTS AND PROCEEDINGS BELOW

In January 1990, the Dahls each pleaded guilty to one felony count of presenting a false or fraudulent insurance claim, in violation of former Insurance Code section 556, subdivision (a).[2] The trial court sentenced the Dahls to three years of

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] On January 1, 1990, Senate Bill No. 1103 (Stats. 1989, ch. 1119) became effective, repealing Insurance Code section 556 and enacting a new insurance fraud statute, Insurance Code section 1871.1. The 1990 minute orders describing the Dahls plea agreement list the conviction under its former designation. The current version of the insurance fraud statute is codified at Penal Code section 550. (See Assem. Bill No. 3067 (Stats. 1992, ch. 675, § 4 [repealing Ins. Code., § 1871.1] & § 8 [enacting Pen. Code, § 550]).)

probation, including 180 days to be served in county jail or in a work release program.  The court also ordered the Dahls to pay $5,000 each in restitution.

In 2018, the Dahls filed petitions to have their convictions expunged under section 1203.4.  This statute allows for defendants who have successfully completed probation to withdraw their guilty pleas and have their cases dismissed, at the discretion of the trial court.  Both Dahls applied for this relief using a standard form issued by the Judicial Council.  In addition to allowing petitioners to request dismissals under section 1203.4, the form also contained a section regarding the reduction of eligible felony convictions to misdemeanors pursuant to section 17, subdivision (b), but the Dahls did not check a box or make any other indication that they requested this relief.  At a hearing, the trial court stated, "The motion is granted. . . .  I'm going to grant the [section] 1203.4 expungement."  During the hearing, neither the court nor the attorneys mentioned reducing the convictions to misdemeanors under section 17, subdivision (b).  The court filed orders granting the petitions for dismissal under section 1203.4, but denying the petitions to reduce the convictions to misdemeanors under section 17, subdivision (b).  The court did not explain its decision.

In 2021, the Dahls filed new petitions requesting that the court reduce their convictions from felonies to misdemeanors under section 17, subdivision (b).  This request was not moot: Although the convictions had already been expunged under section 1203.4, the Dahls remained subject to restrictions on holding public office or owning firearms, and were required to disclose the existence of the conviction in response to certain inquiries.  (See § 1203.4, subds. (a)(1)-(a)(3).)  Scott Dahl filed an

affidavit stating that he requested the reduction to a misdemeanor to "allow me to pass background checks, and take advantage of future business opportunities."  In her affidavit, Kimberle Dahl stated, "I would like to gain my gun rights back in order to defend my family if needed and also for recreational activities including target shooting."

The trial court denied Scott Dahl's petition on the ground that the court previously denied his 2018 petition, and "has not done [so] without prejudice."  Because "that was the final ruling by" the judge who considered the motion in 2018, the court decided to "keep [it] undisturbed."  At a separate hearing, the court denied Kimberle Dahl's petition on the ground that the matter had been dismissed when the court granted the motion under section 1203.4 in 2018, and as a result, the court no longer had jurisdiction.

Both Dahls filed timely appeals.

## DISCUSSION

The Dahls contend that the trial court erred in denying their petitions.  Kimberle argues that the court retained jurisdiction to rule on her petition, and Scott argues that the previous denial of his petition should not prejudice his new petition because he did not intend to apply in 2018 to reduce his conviction to a misdemeanor, and had no opportunity to argue for a reduction.  The People contend that the Dahls' arguments are moot because their convictions for insurance fraud are not eligible for reduction to a misdemeanor under section 17, subdivision (b).  We agree with the Dahls and reverse the denial of their petitions.

4

**A.** ***The Dahls Were Convicted of a Wobbler Offense Subject to Reduction under Section 17, Subdivision (b)***

At the time of the Dahls' sentencing,[3] section 17, former subdivision (a) separated crimes into categories as follows: "A felony is a crime that is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (*Ibid*.) Not all offenses fall neatly into one of these categories, however. In particular, certain offenses, colloquially referred to as "wobblers," can be classified as either misdemeanors or felonies, because they can be punished either with jail or prison. (See *People v. Corpuz* (2006) 38 Cal.4th 994, 997; see also § 17, subd. (b).) A wobbler offense "is a misdemeanor for all purposes" when one of certain requirements is met. (§ 17, subd. (b).) In particular, an offense is deemed a misdemeanor if "the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).) If the court does not deem the offense a misdemeanor at the time of imposing probation, a defendant may petition the court to reduce his or her sentence under section 17, subdivision (b)(3) at any time, even after the probation term has ended. (*People v. Wood* (1998) 62 Cal.App.4th 1262, 1267, fn. 3.)

---

[3] Section 17 was amended as part of the 2011 Realignment Legislation, which allowed courts to sentence defendants convicted of certain felonies to county jails for terms of more than one year. (See Assem. Bill No. 109 (Stats. 2011, ch. 15, § 228).) The Dahls' sentencing preceded realignment.

In 1986, when the Dahls committed insurance fraud,[4] the offense was "punishable by imprisonment in the state prison, for two, three, or five years, or by fine not exceeding twenty-five thousand dollars ($25,000), or by both." (Former Ins. Code, § 556, subd. (b).) The People argue that the statute was not a wobbler, and not subject to reduction under section 17, subdivision (b)(3) because the statute does not state that it is punishable by imprisonment in the county jail in lieu of prison. Under section 18, subdivision (b), however, "[e]very offense which is prescribed by any law of the state to be a felony punishable by imprisonment or by a fine, but without an alternate sentence to the county jail for a period not exceeding one year, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both." The statute thus "allows the court to reduce felonies to misdemeanors . . . when the felony is punishable in the alternative by a prison term *or* fine." (*People v. Isaia* (1989) 206 Cal.App.3d 1558, 1564.) The court in *People v. Mauch* (2008) 163 Cal.App.4th 669 described crimes punishable in this manner as " 'stealth wobblers' " because the possibility of a jail sentence is not immediately apparent. (*Id.* at p. 675.)

---

[4] The insurance fraud statute has subsequently been amended, and is currently "punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or five years, *and* by a fine not exceeding fifty thousand dollars ($50,000), or double the amount of the fraud, whichever is greater." (§ 550, subd. (c)(1), italics added.) This increased punishment is irrelevant to this case, however, as it was not instituted until 1994, several years after the Dahls were sentenced. (See Senate Bill No. 1833 (Stats. 1994, ch. 1008, § 3).)

Because insurance fraud was punishable either with prison or a jail term, it was a wobbler as defined by section 17, subdivision (b). And because the court imposed probation on both Dahls, the court had authority under section 17, subdivision (b)(3) to declare the crime a misdemeanor at any time upon application of the defendants.

**B.** ***The Trial Court Had Jurisdiction to Grant the Motions***

We agree with Kimberle Dahl that the trial court erred by denying her petition on the ground that it lacked jurisdiction. Because this is purely a question of law, we review de novo. (*People v. Watkins* (2022) 78 Cal.App.5th 903, 911.)

As we have noted, "[a]n application by a defendant to have the trial court declare a 'wobbler' a misdemeanor may be made at any time, even after probation is terminated." (*People v. Wood*, *supra*, 62 Cal.App.4th at p. 1267, fn. 3.) We see no reason why the grant of a dismissal under section 1203.4 would change this rule. "Although the effect of expungement under section 1203.4 is to relieve the defendant of certain penalties and disabilities resulting from the conviction, it does not 'affect the fact that his guilt has been finally determined according to law.'" (*People v. Wiedersperg* (1975) 44 Cal.App.3d 550, 554.) Some of the consequences of the prior conviction persist even after an expungement under section 1203.4, and for this reason, the court in *Wiedersperg* allowed a defendant to attack a judgment by means of a petition for a writ of coram nobis even though the conviction had already been expunged under section 1203.4. (See *ibid*.) The Dahls, like the defendant in *Wiedersperg*, filed their petitions to reduce their convictions to misdemeanors in the hope of gaining relief from consequences of a felony conviction that

lingered even after the dismissals under section 1203.4. By the same logic, the court retained jurisdiction to decide the petitions.

**C.** ***The Dahls Were Entitled to a Hearing on the Merits Despite the Denial of their 2018 Petitions***

The trial court denied Scott Dahl's petition on the ground that he had filed a similar petition only three years earlier, and the court, with a different judge presiding, denied that motion without giving leave to file a new petition. Although a court may be justified in declining to consider successive petitions for the same relief, it is not clear in this case that the Dahls intended to apply for a reduction under section 17, subdivision (b) in their original 2018 petitions, nor that they obtained a fair hearing on that question at that time. In these circumstances, the court must consider their new petitions on the merits.

The source of the problem in this instance appears to be Judicial Council form number CR-180, which the Dahls used when they filed their petitions in 2018. The form is titled "Petition for Dismissal" and it consisted of a series of numbered statements, allowing a petitioner to check the appropriate boxes and fill in the relevant blanks. Both Dahls submitted copies of the form in which they listed the date of their conviction and the relevant code section, and indicated that the offense was a felony. They checked the box next to statement number 2, which was labeled "Felony or misdemeanor with probation granted (Pen. Code, § 1203.4)." They indicated that they had completed the requirements of probation, and requested that relief be granted in the interest of justice. They also checked a box underneath statement number 8, indicating that they were requesting to

8

have their guilty plea withdrawn under section 1203.4a.[5] They otherwise left the form blank, with none of the remaining boxes checked.

Only one of the eight numbered items on the form did not include a box to check or a blank to fill in. This was item number 7, which stated, "Petitioner requests that the eligible felony offenses listed above be reduced to misdemeanors under Penal Code section 17[, subdivision] (b) and eligible misdemeanor offenses be reduced to infractions under Penal Code section 17[, subdivision] (d)(2)." With no box to check, there was no obvious way to indicate on the form whether or not the Dahls intended to seek a reduction in their convictions. In addition to submitting the forms, both of the Dahls wrote letters in which they requested dismissal of their convictions and explained how they had engaged in productive and crime-free lives since their convictions. At no point in the letters did the Dahls request that their convictions be reduced to misdemeanors. At the hearing regarding the motions, neither the court nor the parties mentioned section 17, subdivision (b), and the prosecutor did not oppose the Dahls' petition.

In light of this record, it is possible that the Dahls did not intend to request that the court reduce their convictions to misdemeanors. They might have believed that, so long as their convictions were expunged under section 1203.4, there was no need to seek to reduce them to misdemeanors. Because

---

[5] Section 1203.4a pertains to misdemeanor convictions. Because the court had not reduced their convictions to misdemeanors, the Dahls should have checked the box for section 1203.4, which applies to felony convictions.

insurance fraud was a "stealth wobbler" offense at the time the Dahls committed the offense, and is no longer a wobbler under current law, both the parties and the trial court may have believed that relief under section 17, subdivision (b) was unavailable in any case.

We recognize that trial courts have large caseloads and must guard against successive filings by litigants dissatisfied with previous rulings. But nothing in section 17, subdivision (b) forbids successive petitions, and there is no evidence that the Dahls are attempting to abuse the system by filing repetitive applications. "[A] court in deciding whether res judicata is applicable in any particular case 'must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his [or her] case.'" (*People v. Mitchell* (2000) 81 Cal.App.4th 132, 146, disapproved on another ground in *People v. Barragan* (2004) 32 Cal.4th 236, 259, fn. 9.) In this case, the Dahls have not had a meaningful opportunity to present their case for a reduction in their prior convictions, and to reject their application on the basis of res judicata would be excessively harsh.

## DISPOSITION

The trial court's orders denying appellants' petitions to reduce their convictions to misdemeanors under section 17, subdivision (b) are reversed.

NOT TO BE PUBLISHED


BENKE, J.[*]


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.