Filed 3/17/25  P. v. Otoupalik CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JANICE JO OTOUPALIK,<br><br>    Defendant and Appellant. | G063060<br><br>(Super. Ct. No. 05CF1280)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jeannie M. Joseph, Judge. Reversed and remanded with directions.

Higbee & Associates and Paul William Hecht for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Janice Jo Otoupalik appeals from an order denying her petition under Penal Code section 17, subdivision (b) (section 17(b)), to reduce wobbler offenses to misdemeanors.[1] Otoupalik contends the trial court erred in concluding she was ineligible to petition for relief under section 17(b)(3) because she had been given a suspended prison term and was no longer on probation. The People contend the order from which Otoupalik appealed is not appealable but concede the trial court erred in concluding Otoupalik was ineligible to petition for relief.

We conclude the order from which Otoupalik appeals is an appealable order. On the merits, we agree the trial court misinterpreted section 17(b)(3) and erred in concluding Otoupalik was ineligible to petition for relief. We therefore reverse and remand with directions for the trial court to exercise its discretion and consider Otoupalik's petition.[2]

FACTUAL AND PROCEDURAL BACKGROUND

In April 2005, the People filed a felony complaint charging Otoupalik with second degree commercial burglary (§ 459–460, subd. (b) [count 1]), acquiring access to credit card information (§ 484e, subd. (d) [count 2], receiving stolen property (§ 496, subd. (a) [count 3]), identity theft (§ 530.5, subd. (a) [count 4]), and forgery (§ 470, subd (a) [count 5]). The

---

[1] "A 'wobbler' is 'an offense which may be charged and punished as either a felony or a misdemeanor . . . .'" (*People v. Superior Court (Mitchell)* (2023) 94 Cal.App.5th 595, 599.) Under Penal Code section 17, subdivision (b)(3), a trial court may declare a wobbler to be a misdemeanor "at the time of granting probation, or on application of the defendant . . . thereafter . . . ." (Pen. Code, § 17, subd. (b)(3).) All further statutory references are to the Penal Code.

[2] We express no opinion on the merits of Otoupalik's petition.

People alleged as an enhancement that Otoupalik was on bail on another case (case No. 04NF3163) at the time of the crimes (§ 12022.1, subd. (b)).

In May 2005, pursuant to a plea agreement, Otoupalik pled guilty to all five counts and admitted the enhancement. The following was the factual basis for the plea: "On February 17, 2005 in Orange County I unlawfully entered [a store] with the intent to commit larceny. I also unlawfully acquired access card information of [G.C.] without her consent with the intent to use the card fraudulently. I also received a driver's license and credit card which had been stolen, knowing that it was stolen. I also unlawfully signed the name of [G.C.] with the intent to defraud. I committed these crimes while released from custody on bail on 04NF3163."

The trial court sentenced Otoupalik to two years in state prison for count 1 but suspended the sentence and placed her on three years of probation on all counts with various conditions. The conditions included that she serve 94 days in county jail and pay $200 in restitution.

By August 2008, Otoupalik had complied with the terms and conditions of her probation, and she petitioned for relief under both section 17(b) and section 1203.4.[3] The court granted her petition under section 1203.4, set aside her guilty plea as to counts 1 through 5, and dismissed the charges and enhancement. However, it denied her petition under section 17(b). The court found Otoupalik had failed to provide the court with

[3] Pursuant to section 1203.4, a defendant who successfully completes probation can petition the court to set aside his or her guilty plea and dismiss the complaint or information. Although that relief provides "substantial benefits," including release from the penalties and disabilities that otherwise would have resulted from the convictions, it does not ""render the conviction a legal nullity."" (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 745.)

3

sufficient facts to demonstrate reduction of the counts to misdemeanors under section 17(b) would serve the interests of justice.

In December 2008, Otoupalik filed a second petition under section 17(b), which the court also denied.

In July 2022, Otoupalik filed yet another section 17(b) petition. Although the People did not oppose the petition, the court denied it on October 18, 2022, with prejudice, stating, "[t]he offenses are ineligible for reduction because imposition of a prison term renders the offenses felonies for all time."

In March 2023, Otoupalik filed a "Motion to Reconsider Trial Court[']s Denial of Defendant's [Penal Code] 17(b) Motion With Prejudice." On July 14, 2023, the court issued the following ruling:

"Defendant's petition for Penal Code [section] 17(b) relief is DENIED with prejudice. Defendant was sentenced to state prison upon conviction for the charged offenses. 'A felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.['] (Pen. Code, § 17(a).) 'Imposition of a prison term, whether or not suspended,' renders an offense a felony. (People v. Wood (1998) 62 Cal.App.4th 1262, 1267.) Further, the word 'thereafter' in Penal Code Section 17(b)(3)—'When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter' . . . clearly refers to the probationary period by virtue of the reference to the 'probation officer' in the same phrase and directly preceded by the word 'thereafter.'"

Otoupalik timely filed a notice of appeal directed to the July 14, 2023 order.

4

## DISCUSSION

### I.

### THE JULY 14, 2023 ORDER IS APPEALABLE

An order denying a section 17(b) petition is an appealable order pursuant to section 1238, subdivision (a)(5), because it is an "order made after judgment" that affects the "substantial rights of the [party]." (*Ibid.*; see *People v. Douglas* (1999) 20 Cal.4th 85, 90.) The People contend the July 14, 2023 order is not appealable because it was an order denying a motion for reconsideration that was not based on any new facts or law, and Otoupalik did not timely appeal from the October 18, 2022 order denying her section 17(b) petition. (See *People v. Palmer* (1942) 49 Cal.App.2d 579, 580 [orders on motions for reconsideration generally are not appealable]; Cal. Rules of Court, rule 8.308(a) [imposing 60-day deadline to appeal].)

In response, Otoupalik argues the July 14, 2023 order is appealable because "the court rendered [the] order as if it were a new or renewed petition or application for [Penal Code section] 17(b) relief—rather than a denial of reconsideration on a prior order." The minutes of the trial court support Otoupalik's contention. It is clear from the court's minutes it was not refusing to reconsider its earlier ruling. To the contrary, it reconsidered whether Otoupalik could petition under section 17(b) and concluded she could not. The court issued a more detailed ruling than the one it had issued on October 18, 2022, and this time gave two reasons for concluding Otoupalik was ineligible for relief under section 17(b). First, it found Otoupalik was ineligible for relief because she was sentenced to state prison. Second, it found a petition can only be filed during a defendant's probationary period.

We conclude the July 14, 2023 order was a new ruling on Otoupalik's section 17(b) petition, not a denial of a motion for reconsideration. It is therefore an appealable order.

## II.

### THE COURT ERRED IN CONCLUDING OTOUPALIK IS

### INELIGIBLE TO SEEK RELIEF UNDER SECTION 17(B)

On the merits, we agree with the parties that the court erred by concluding Otoupalik is ineligible to seek relief under section 17(b) and refusing to consider her petition on the merits.

We review questions of statutory interpretation de novo. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) As the People concede, the trial court erroneously concluded a defendant like Otoupalik who was given a suspended prison sentence is ineligible to petition under section 17(b). Effective January 1, 2019, Assembly Bill No. 1941 (2017–2018 Reg. Sess.) amended section 17(b)(3) to give courts the authority to reduce a felony to a misdemeanor regardless of whether imposition of a sentence was suspended or a sentence was imposed but its execution was suspended. (Stats. 2018, ch. 18, § 1.)[4]

---

[4] Prior to 2019, section 17(b)(3) provided:

"When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, . . . it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant *without imposition of sentence* and at the time of granting probation, or on application of the defendant or probation officer thereafter, the [trial] court declares the offense to be a misdemeanor." (Former § 17, subd. (b)(3), as amended by Stats. 2011–2012, 1st Ex. Sess., ch. 12, § 6, eff. Sept. 21, 2011, italics added.)

In addition, the trial court interpreted section 17(b)(3) to only permit defendants who are still on probation to seek relief. That was error. "An application by a defendant to have the trial court declare a 'wobbler' a misdemeanor may be made at any time, even after probation is terminated . . . ." (*People v. Wood, supra,* 62 Cal.App.4th at p. 1267, fn. 3; see *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133, 140.)

In concluding Otoupalik was ineligible to petition for relief, the trial court did not consider and rule on the merits of her petition. We agree with the parties that, under these circumstances, the matter must be remanded for the court to consider Otoupalik's petition and weigh the

---

Effective January 1, 2019, section 17(b)(3) was amended to delete the phrase "without imposition of sentence." Thus, at the time the trial court issued the July 14, 2023 order that is the subject of this appeal, the statute provided:

"When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, . . . it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

relevant factors to determine, in the exercise of its discretion, whether to reduce the wobbler offenses charged against her to misdemeanors.[5]

## DISPOSITION

The order denying appellant's petition is reversed, and the matter is remanded for further proceedings consistent with this opinion.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.

---

[5] The statute does not specify the criteria a court should consider, but California appellate decisions have indicated the pertinent factors may include "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.) The trial court "may also consider the sentencing objectives set forth in California Rules of Court, rule 4.410. [Citation.] Those include protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1027–1028.)